DYGERT *against* COPPERNOLL.

Where, on the plea of a former judgment, in which the present plaintiff, being defendant, ought to have set off his demand, the justice, by whom that judgment was rendered, appears as a witness and produces his minutes of the judgment, in which there is an ambiguity as to the form of the action, the evidence of the justice is inadmissible to show that the action was founded on contract if it appear that he has in his possession the original written declaration, which is evidence of a higher nature.

A set-off is not admissible in a justice's court in an action founded on tort.

IN ERROR, on *certiorari* to a justice's court.

The defendant in error brought an action of assumpsit in the court below, against the plaintiff in error, in which the latter pleaded a former trial between the same parties, in which the defendant in error, the plaintiff below, ought to have set off the present demand. The justice, before whom the former action was tried, appeared as a witness, and produced his minutes; from which it appeared, that a judgment had been rendered in a suit of *Dygert* v. *Coppernoll*, stated thereon to be a plea of *trespass on the case*, but without specifying whether it were founded on *tort* or *contract;* he also stated that the original declaration was in writing which he had left at home; and, on its being proposed by the defendant below, that he should explain, from memory, what was the ground of that action, in order to ascertain whether the set-off might legally have been made, the evidence was overruled, and judgment given for the plaintiff below.

*M'Koun*, for the plaintiff in error.

*Dodge*, contra.

*Per Curiam.* No set-off can be allowed, except it be against a claim founded in contract, express or implied. The minutes of the former judgment are equivocal and uncertain as to the cause of action. *Trespass on the case* may be for tort or contract; and, to explain that ambiguity, the written declaration which the justice had left at home was the best evidence; and, therefore, the parol evidence to that point was properly excluded.

The judgment ought to be affirmed.