BRINTNALL *vs.* FOSTER.

Where, in support of a plea of a *former action* for the same cause, and judg-
ment for the defendant, a *docket* of a justice of the peace is produced, from
which it appears that *judgment of nonsuit* only was entered, *parol* evidence
is inadmissible to shew that the cause was heard and decided on the merits,
and that the form of the judgment was in consequence of the supposition of
the justice that no other judgment than that entered by him could properly
be entered in such a case.

ERROR from the Erie common pleas. Brintnall sued Fos-
ter on a promise to indemnify him as a constable in the sale
of certain property on a justice's execution, for the selling of
which he alleged he had been sued, and subjected to the
payment of damages. The defendant pleaded, 1. Non-as-
sumpsit; 2. A former suit by the plaintiff against him for the
same cause of action, before a justice of the peace, in which
the defendant obtained judgment that he did not undertake
and promise in *modo et forma*, &c. and costs of the defence
were awarded to him, referring to the *record* remaining be-
fore the justice; and 3. Setting forth the same suit before the
justice, that a trial was had, that after the proof and allega-
tions the cause was submitted to the justice, and that the de-
fendant recovered a like judgment as set forth in his second
plea, again referring to the *record* remaining before the jus-
tice. The plaintiff replied to the second plea, *nul tiel record;*
and to the third, that the cause was not submitted to the jus-
tice; that the defendant did not obtain the judgment alleged
in his plea and *nul tiel record.* On these pleadings the parties
went to trial. The plaintiff proved his declaration. The
justice referred to in the plea, produced his *docket,* shewing a
suit before him for the same cause of action, and concluding
in these words: " On hearing plaintiff's proof, ordered *judg-
ment of nonsuit;* costs, $1,88." The justice testified that the
cause was tried before him; that several witnesses were
sworn; that when the plaintiff's proofs were closed, the de-
fendant moved for a nonsuit, which he refused to grant; that
the case was argued, and he took time for consideration; that
he was of opinion that the plaintiff had failed in shewing a
right to recover, because he had not proved that he had paid

the judgment, which had been rendered against him, and be-
cause he had not shewn notice to the defendant of the suit
prosecuted against him; for these reasons he gave judgment
of *nonsuit* against the plaintiff, which he supposed was the
only judgment he could give under the circumstances of the
case. This evidence was received by the court, though ob-
jected to by the plaintiff; and the jury, under the charge of the
court that the judgment before the justice was a bar to the
present action, found a verdict for the defendant. The plain-
tiff excepted to the decisions of the court, and sued out a writ
of error.

H. *White*, for plaintiff in error.

J. L. *Wendell*, for defendant in error.

BY THE COURT. The principal, if not the only question in
this case is, whether the parties must not be confined to the
*docket* or *minutes* of the justice, to determine the nature of the
judgment rendered by him; if so, the decision of the court
below was erroneous. It would be dangerous to permit an
inquiry into the evidence and proceedings of a trial before a
justice, to show that the kind of judgment rendered by him
was not such as he ought to have rendered, and to give effect to
it as it should have been, rather than as it is. Both pleas state
certain facts, and refer to the record of the justice to substan-
tiate them. The replications deny such record. When the
minutes are produced, they show no such record. The jus-
tice, instead of rendering a judgment on the merits, had enter-
ed a judgment of *nonsuit* against the plaintiff. The justice
was examined upon the facts which took place before him, to
show that he went into the merits of the controversy, and
should have given judgment on them. The court erred in
receiving this testimony.

Although this court has not gone so far as to hold a jus-
tice's judgment a technical record, they have elevated it to the
character of a specialty. It is declared to be as much a spe-
cialty, and as conclusive between the parties, as a judgment
of this court. 14 Johns. 480. This character would seem

to shield it from an attack by parol evidence. In *McLean* v.
*Hugarin*, 13 Johns. R. 184, it was decided that a certificate of
a trial made by a justice, cannot be contradicted by parol ev-
idence. A certificate contains the judgment, and if, when it
is proved in that way, nothing can be shewn against it by pa-
rol, it would not seem to be very consistent to allow the ori-
ginal docket to be controverted. It is to be observed that the
use of a certificate is to shew the same facts which the jus-
tice with his docket is usually called to establish. One object
of the provision, relative to a certificate, was to make it a sub-
stitute in cases where the justice could not be personally ex-
amined. 5 Johns. R. 351. In *Posson* v. *Brown*, 11 Johns. R.
166, parol evidence of the proceedings before a justice was de-
clared inadmissible ; the court required the written minutes.
They said the justice might be examined to *verify* them, but
it would be repugnant to the sound and salutary rules of evi-
dence to dispense with the production of them. They do not
say in express language that these minutes cannot be contra-
dicted, but it is clear that they are considered as having a high
character as evidence. In one case the court held that a ver-
dict of " *no cause of action*" was equivalent to a finding by the
jury for the defendant on the merits, 2 Johns. R. 181 ; but it
is not certain that they would have said the same thing if the
justice had entered in his minutes " *no cause of action.*" A jury
must pass on the merits, if they do any thing ; but a justice
may give a judgment of nonsuit. 5 Johns. R. 346.

It is said that the cause having been submitted to the jus-
tice, he could not render a judgment of nonsuit. So is the
law ; but how is the fact ascertained that it was submitted to
him, except by the parol evidence. This is attacking the cor-
rectness of the judgment collaterally. If it was erroneous
the error should have been corrected by an appeal, or by a re-
view on *certiorari*. It may be that if the justice had entered a
judgment on the merits against the plaintiff, he would have
brought an appeal, and did not do it because he perceived that
no judgment had been rendered against him that precluded him
from again investigating the merits.

Judgment reversed ; costs to abide the event.