# H. B. JOLLEY v. SAMUEL FOLTZ.

34   321
89   140
34   321
102   77

JURISDICTION OF JUSTICE'S COURT.—A Justice's Court is an inferior Court, and its jurisdiction must be shown affirmatively by a party relying upon, or claiming any right under, its judgments.

RESIDENCE OF DEFENDANT A JURISDICTIONAL FACT IN JUSTICE'S COURT.—Where it nowhere appeared in the Justice's docket or other papers, in an action determined in a Justice's Court, that the defendant against whom judgment by default was rendered, resided in the township in which the action was commenced, or that he was within any of the exceptions enumerated in the five hundred and thirty-fifth section of the Practice Act : held, that when the proceedings and judgment in said action, as contained in said docket and other papers alone, were offered in evidence against the defendant in another action, they were properly rejected, because jurisdiction of the person of the defendant did not affirmatively appear.

IDEM.—EVIDENCE *aliunde* THE RECORD.—The fact of the residence of defendant in a particular township is jurisdictional, but the Practice Act does not require its existence to be recorded in the Justice's docket, or be made to appear in any written evidence of the proceedings in the action, nor does it provide in what manner such facts as are not required to be entered in the docket or other written proceeding, shall be made to appear, or be proved : held, further, that in such case, it was error for the Court to reject parol evidence that said defendant, at the time said action was commenced, resided in the township where it was commenced.

IDEM.—Such proffered evidence in no respect contradicted the docket, but on the contrary was entirely consistent with it, and supported the judgment.

IDEM.—The rule seems to be, that those jurisdictional facts in support of judgments in Justices' Courts which are not in writing, or required to be in writing, or in fact entered in the docket, may be proved by parol ; but the rule is otherwise where the statute requires such facts to be entered in the docket, and they are so entered, or where they actually appear in the written files of the action, because parol evidence in such cases is not the best evidence, and such entries and writings may not be contradicted by parol evidence.

IDEM.—Where there was, in fact, no written evidence upon the question of residence of the defendant, in a judgment rendered in a Justice's Court, and no entry in writing upon the subject is, by law, required to be made : held, that parol evidence was admissible on the subject, to sustain such judgment.

ERROR—WHEN PREJUDICIAL.—Where, on a trial, certain evidence which was essential to sustain a party's defense was erroneously excluded : held, that such error was prejudicial, and ground for reversal on appeal of a judgment rendered against him, although such party offered no evidence whatever on another point which was likewise essential to his defense, but was not available for that purpose in the absence of said excluded evidence.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

41

This was an action to recover possession of personal property. The defense set up was a justification of the taking and detaining of the property, by virtue of writs of attachment and execution issued out of a Justice's Court, against the property of one H. B. Jolley.

Defendant's answer averred that he seized said property and detained the same as a Constable, by virtue of said writs, as being the property of said H. B. Jolley, who was defendant in said attachment suit; that the same belonged to said H. B. Jolley, and that plaintiff's only claim to the same was through fraudulent sales and transfers to him from said H. B. Jolley. The answer alleged sufficient facts to show that said writs were regularly issued, and that said Justice's Court had jurisdiction of the subject matter of said attachment suit and of the person of said H. B. Jolley, defendant therein. Sufficient facts were also alleged in the answer to entitle defendant in this suit to attack the sales and conveyances of said property by said H. B. Jolley to plaintiff, as fraudulent and void as against McCarter & Oxtoby, who were plaintiffs in said attachment suit.

On the trial, plaintiff proved that he derived title to said property from H. B. Jolley, and its value, and rested. After certain preliminary proof, defendant offered in evidence, among other things, the affidavit for attachment in said attachment suit, undertaking, writ of attachment, return of defendant thereto as Constable, the judgment therein by default, and writ of execution, and defendant's return, as Constable, thereto. These were all excluded by the Court below, on the objection of plaintiff that the records and docket of said Justice did not show affirmatively that the plaintiffs and defendant in said attachment suit resided in the township within which said action was commenced. Thereupon, defendant offered to supply this alleged defect of such record and docket by the testimony of witnesses. To this plaintiff objected as being incompetent, and the evidence so offered was excluded by the Court, and defendant excepted. The defendant then rested without offering any further evidence.

Plaintiff had judgment in the Court below, and defendant moved for a new trial, on the ground that the Court erred in excluding said proffered evidence and testimony of witnesses. The Court denied the motion, and defendant appealed from the judgment and from the order of the Court denying a new trial.

The other facts are stated in the opinion of the Court.

*J. H. Budd*, for Appellant.

I. The Court below should have admitted in evidence the affidavit, undertaking, and writ of attachment when first offered. The writ of attachment was certainly a protection to the officer at the time he made the levy.

There is nothing in the objection that the place of residence of plaintiffs and defendant should affirmatively appear from the record of said Justice. There is no provision of the statute requiring such matter affirmatively to appear from the record of a Justice of the Peace, except in the one case where objections are raised before a Justice by a defendant in a suit, as provided by subdivision third of section five hundred and ninety-one of the Practice Act. On the maxim of *expressio unius exclusio alterius*, the Legislature did not intend that in other cases any record need be made by a Justice of the Peace as to the place of residence of parties to suits before him.

The following sections show what must affirmatively appear of record in suits on promissory notes before a Justice of the Peace, viz :

1. The filing of the note, or a copy, and issuance of a summons thereon. (Pr. Act, Sec. 538.)

2. The contents and form of summons. (Pr. Act, Sec. 540.)

3. The service of summons by a Constable or Sheriff of the county and the return of the officer thereto. (Pr. Act, Secs. 542, 604, sub. 3; Hittell, Sec. 28, Arts. 608, 609.)

4. The pleadings, on part of plaintiff. (Pr. Act, Secs. 570, 572, 573, 576.)

The filing of the note is a sufficient complaint. (Pr. Act, Sec. 576 ; *Hamilton* v. *McDonald*, 18 Cal. 128.)

5. The appearance of plaintiff on return day of summons, and demand by him for judgment. (Pr. Act, Secs. 586, 608, sub. 4.)

6. Default of defendant for non-appearance, and entry of judgment on the evidence of the note, or copy thereof filed as a complaint. (Pr. Act, Secs. 592, 604, subs. 42, 9.)

Section six hundred and four specifies what the docket of the Justice should contain, but neither that or any other part of the code requires that any entry or record be made by the Justice in a case of the non-appearance of a defendant, as to the place of his residence, or that of the plaintiff to the action. The statute having provided what should appear of record in such case, it is fair to presume that the Legislature intended nothing further need appear of record in order to render a Justice's judgment valid.

II. In case it be held necessary that the residence of plaintiff and defendant, in an action in a Justice's Court, be proven in order to jurisdiction, then it must be also held necessary to allege such residence in the complaint, but by statute a copy of the note, or note itself, is sufficient as a complaint, (Pr. Act, Sec. 576,) and the statute does not require that, in Justices' Courts, any record of the evidence given in an action, be made. It never has been held necessary, nor has it ever been the practice in New York, to allege or prove the place of residence of plaintiff or defendant before a Justice of the Peace, in order to confer on him jurisdiction, to issue his ordinary process of summons, under a statute similar to ours. (See Cowen's Treatise, 4th ed., Secs. 782, 787, 788, 961, 1,275 ; *Bromley* v. *Smith*, 2 Hill, 517 ; 6 Hill, 711.) The opinion in *Lowe* v. *Alexander*, 15 Cal. 296, so far as a different rule is intimated, was *obiter dictum*. The judgment, upon the facts of that case, was correct, because the record showed affirmatively that the Justice

did not have jurisdiction. The law presumes that an officer discharges his duty properly. (Cowen's Treatise, 4th ed., Sec. 1,387; 14 John. 182; 1 Phil. Ev. 192; Cowen & Hill's Notes, 296; *Hyskill* v. *Gilden*, 7 Serg. & Rawle, 371; *Curtis* v. *Herrick*, 14 Cal. 119, 120.) A Justice of the Peace who has jurisdiction of the subject of an action, and who has general jurisdiction of the process issued by him, should certainly be presumed to have discharged his duty in a legal mode in issuing such process, as much so as any *executive* officer who may serve it.

III. But it was competent for defendant to have proven by parol testimony *dehors* the record of said Justice of the Peace, that the plaintiff and defendant in said attachment suit were residents of the proper township at the commencement of said suit. (*Blair* v. *Hamilton*, 32 Cal. 49; *Betts* v. *Bagley*, 12 Pick. 572; *Agnew* v. *Platt*, 15 Pick. 416; Smith's Leading Cases, Hare & Wallace's Notes, 5th ed., 816.)

*John C. Byers*, and *E. E. Hood*, for Respondent.

It is incumbent upon a party seeking to avail himself of a judgment of a Justice of the Peace, to show *from the record itself*, affirmatively, that the Justice who rendered the judgment had jurisdiction. (*Lowe* v. *Alexander*, 15 Cal. 300–302.) And this decision is supported in *Swain & Marsh* v. *Chase*, 12 Cal. 285, 286; *Rowley* v. *Howard*, 23 Cal. 403, 404; *Forbes* v. *Hyde*, 31 Cal. 347, 348; *Fagg* v. *Clements*, 16 Cal. 392. The judgment in the case of *McCarter & Oxtoby* v. *H. B. Jolley* was not only voidable, but void, and may be attacked collaterally in any Court where relied on. (*Rowley* v. *Howard*, 23 Cal. 402–404; *Forbes* v. *Hyde*, 31 Cal. 347, 348; *Jones* v. *Reed*, 1 Johns. Cas. 20; *Wells* v. *Newkirk*, 1 Johns. Cas. 228; *Bowers* v. *People*, 4 Johns. 292; *Bloom* v. *Burdick*, 1 Hill, 130; *Adkins* v. *Brewer*, 3 Cow. 206; *Chemung Canal Bank* v. *Judson*, 4 Seld. 254; *Dobson* v. *Pearce*, 2 Kern. 156; *Harrington* v. *People*, 6 Barb. 607.)

By the Court, SAWYER, J.:

The proceedings of the Justice's Court in the case of *McCarter* v. *Jolley*, when first offered in evidence, were properly ruled out, because it did not appear that the Justice had jurisdiction of the person of the defendant. A Justice's Court is not a Court of record; it is an inferior Court, and its jurisdiction must be shown affirmatively by a party relying upon, or claiming any right under its judgments. Section five hundred thirty-five of the Practice Act provides, that " No person shall be held to answer .to any summons issued against him from a Justice's Court in a civil action, in any township or city other than the one in which he shall reside, except," etc. It nowhere appears in the docket, or other papers in the case offered in evidence, that the defendant was a resident of the township in which the suit was brought, or that he was within any of the exceptions. So far as the written evidence of the proceedings offered is concerned, the case is within the decision in *Lowe* v. *Alexander*, 15 Cal. 300. But upon the ruling out of the record of the proceedings in the Justice's Court, the defendant offered to supply the defect in the record evidence by showing by testimony *aliunde* that at the time of the institution of the suit, and service of the summons, the defendant in the suit, H. B. Jolley, was a resident of the township in which the suit was brought, and the judgment rendered.

On objection by the plaintiff, the evidence was excluded, and the defendant excepted. The fact of residence is the jurisdictional fact, and this is the fact offered to be proved by parol. The Practice Act requires the fact to exist, but it nowhere requires that its existence shall be recorded in the docket of the Justice, or be made to appear in the written evidence of the proceedings. Section six hundred four prescribes what shall be entered in the docket of the Justice, and section six hundred five provides, that " Such entries in

a Justice's docket, or a transcript thereof, certified by the Justice or his successor in office, *shall be primary evidence* to prove the facts *so stated therein.*"   The fact in question is not enumerated, and it is not provided in what manner other facts than "such entries in the Justice's docket   *   *   * so stated therein" shall be proved or made to appear.   If it be conceded that the facts required to be entered must be proved by the docket, it does not follow that other facts, not required to be so entered, shall not be proved by other evidence.   The evidence offered in no respect contradicts the docket, but, on the contrary, it is entirely consistent with it, and supports the judgment.

We can perceive no good reason why the evidence should not be admitted.   Although not directly in point, the inference from the following cases supports this view: (*Hamilton* v. *Wright*, 4 Hawkes, 283 ; *Ferrell* v. *Underwood*, 2 Dev. Law R. 114 ; *Dyson* v. *Wood*, 3 B. & C. 451 ; *Westbrook* v. *Douglass*, 21 Barb. 603 ; *Gardiner* v. *Buckbee*, 3 Cow. 127 ; *Doby* v. *Brown*, 1 Comst. 71, 75.)   In *Posson* v. *Brown*, 11 Johns. 166 ; *Boomer* v. *Laine*, 10 Wend. 527 ; *Dygert* v. *Coppernoll*, 13 Johns. 210 ; *McLean* v. *Hugarin*, 13 Johns. 184 ; and *Brintnall* v. *Foster*, 7 Wend. 105, where a statute required certain parts of the proceedings before a Justice to be entered in the docket, or where the fact to be proved appeared in the files, it was held that parol evidence could not be given of the matter so entered, or appearing in the files, and still existing, because it was not the best evidence, and that such entries and writings could not be contradicted by parol evidence.

In the first case the Court say : " Though the proceedings and judgment before a Justice may not be technically a record, yet the material parts are in writing and ought to be produced.   Parol evidence of such proceedings is not the highest or best evidence in the power of the party, and ought not therefore to be admitted.   The magistrate should at least produce the written evidence of his proceedings as far as the same is in his possession or power."   (11 Johns.

166.)   The cases are not put upon the ground that the matters sought to be shown are in no case proper subjects for parol proof, but upon the ground that being in writing, or required to be in writing, the writings themselves were the best evidence.   This is but the ordinary rule respecting primary and secondary evidence.   The necessary inference is, that those facts not in writing, or required to be in writing, or in fact entered in the docket, may be proved by parol.   This Court intimated as much in *Blair* v. *Hamilton*, 32 Cal. 54.   Some of the language used in *Lowe* v. *Alexander*, before cited, is broad enough to indicate a different view, but it was not called for by the facts and was unnecessary to the decision of the case.

There really does not seem to be any orderly mode in the ordinary proceedings in a Justice's Court of expressly stating the fact of the residence of the defendant in the township, and, in practice, it probably is rarely stated in express terms. If stated at all, the place would naturally be in the complaint.   But in a large majority of cases, no complaint in writing is required to be filed, and in this case no complaint, other than a copy of the note, was filed.   It might be stated in the docket, and, although somewhat awkward, it would be well, perhaps, to so state it; but the statute does not expressly require it, and we doubt whether such has been the practice.   In *Fagg* v. *Clements*, 16 Cal. 392, the return of the officer showed a personal service in the township in which the suit was brought, and this was held *prima facie* to show a residence.   Residence could only be inferred from the fact of service in the township.   There was no direct statement of the fact of residence in the township in the case now before the Court.   As there was, in fact, no written evidence in the docket or files of the Justice's Court upon the question of residence of the defendant, and no entry upon the subject is required to be made by the statute, and as there is nothing in the parol evidence offered inconsistent with the record of the Justice, we think it was improperly excluded.

It is claimed by the respondent, that, conceding this ruling to be erroneous, there was still no injury, for the reason that there was no evidence of fraudulent conveyance of the property in question from the defendant in that action to the plaintiff in this. Under the ruling of the Court, excluding the evidence before referred to, the fraud, if proved, would not have been available to the appellant. His right to attack the conveyance as fraudulent depended upon the proceedings excluded. Had they been admitted, we cannot tell what appellant's evidence in respect to a fraudulent conveyance might have been. The entire basis of his defense and the foundation for further evidence was excluded.

The judgment and order denying a new trial must be reversed and a new trial had, and it is so ordered.