ROBERT W. GLEASON, RESPONDENT, *v.* JAMES W. SMITH, APPELLANT.

*Renting of machinery — the lessor is not bound to keep it in repair.*

This action, brought to recover the price agreed to be paid for the hire of a steam engine, boiler and pump, was defended upon the ground that the steam chest of the engine had in some manner broken down and become incapable of operating, and that the plaintiff had refused to repair it.

*Held,* that as there was no express agreement on the part of the plaintiff to keep the machinery in repair, and no representation that it was adapted to any particular purpose or use, the court properly excluded evidence tending to show that it had broken down.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*J. Noble Hays,* for the appellant.

*Charles F. Wells,* for the respondent.

DANIELS, J.:

The verdict was recovered for the price agreed to be paid for the hire of a steam engine, boiler and pump. It was stated in the testimony that the engine was hired to the defendant for the price of twenty-five dollars a month, and that the defendant retained it from about the 1st of July, 1881, until the last of March, 1882. That the boiler and pump were hired at the price of thirty-eight dollars a month, and were retained by the defendant from the 1st of October, 1881, until the latter part of March, 1882. The evidence was sufficient to sustain the contract of hiring upon the terms stated by the plaintiff. But it appeared that the steam chest of the engine had in some manner broke down and became incapable of operating, and it was returned to the plaintiff with a request that he would repair it. He declined to do that, and for that reason payment of a portion of the demand was resisted by the defendant.

It was alleged in the answer that the plaintiff had made such representations concerning the engine as would obligate him to keep it in repair while it was in the possession of the defendant. But no such representation was proved upon the trial. Neither was it shown that the plaintiff undertook in any manner to keep the machinery in working order. Even the defendant, in his examination, did not pretend that such an obligation had been assumed by the plaintiff. Neither the engine, pump or boiler was hired to perform any special or particular service. If either had been, a warranty might be implied as to the sufficiency of the machinery for the purpose. (*Gautier* v. *Douglass Manfg. Co.,*

13 Hun, 514; *Hawkins* v. *Pemberton*, 51 N. Y., 198.) But all that appeared to have taken place was that the engine was selected by the agent of the defendant, and then it was hired by the plaintiff to the defendant. There was no agreement on his part that he would keep it in repair, and no representation that it was adapted to any particular purpose or use. And as it was placed in the possession and subject to the use of the defendant, without stipulation concerning its capacity or ability, the rights of the parties are to be determined by the contract which they in that manner made. There was no legal ground upon which the plaintiff could be held liable to keep the machinery in repair. (*Riley* v. *City of Brooklyn*, 46 N. Y., 444.) For upon all these matters the obligations of the parties are fixed and to be determined by the agreement which they make.

And if in a contract of this description no obligation is entered into by the plaintiff to keep the machinery in repair, he cannot be legally held to do so. The contract was for no particular time, and if the engine for any cause whatever became disabled, the defendant was at liberty to put an end to the agreement and return the machinery to the plaintiff. The authorities cited in support of the appeal do not sustain the position that the plaintiff was legally obliged to keep the machinery in repair. Those referred to in note 2 (Parsons on Cont. [7th ed.], 127) are, as far as they go, adverse to this position of the defendant's counsel; and it is not sustained by the observations contained in section 417 of the ninth edition of Story on Bailments. The cases of *Million* v. *Saulsbury* (13 Johns., 210), *Harrington* v. *Snyder* (3 Barb., 380), and *Buchanan* v. *Smith* (10 Hun, 474), were upon contracts for the hire of property to perform a distinct and specified service. In those cases the hirer undertook that the services should be performed by the property which was hired, and of course he was liable if it was not in the condition which was necessary to perform those services, and the courts did no more in making these decisions than to hold the party to the observance of the obligation he had entered into. There was no such obligation resting upon the plaintiff in this case, and there was no error therefore in excluding the further evidence to prove that the machinery had broken down. For even if it had been received, proof of that fact alone in the case would not have

defeated any part of the plaintiff's claim in the action. For the same reason the court was right in declining to charge the propositions presented by the defendant. They were not sustained as the facts appear in the action. There was no legal foundation for the defendant's resistance to the plaintiff's bill, or for the counter-claim, made upon the fact that the steam chest at some time while the engine was in the defendant's possession ceased to operate. The judgment and order should be affirmed, with costs.

Davis, P. J., and Brady, J., concurred.

Judgment and order affirmed, with costs.