Case 101.—ACTION BY THE EASTERN KENTUCKY ASYLUM
FOR THE INSANE AGAINST CHARLES P. PORTER AND
ANOTHER TO RECOVER FOR THE KEEP OF PORTER
WHILE CONFINED IN SAID ASYLUM.—January 24.

## Porter, &c. v. Eastern Ky. Asylum for Insane.

Appeal from Fleming Circuit Court.

JAMES P. HARBESON Circuit Judge.

Judgment for plaintiff.   Defendants appeal.   Reversed.

1. Lunatics—Board at Asylum—Proceeding to Recover—Service
of Summons—Requirements of Code—In a proceeding by
an insane asylum to subject the property of one who has been
confined therein as a lunatic, for his board, section 53 of the
Civil Code, requires that "the summons must be served on
the lunatic, and, if residing in the county, on his committee,
or if he have no committee, on his father, or if he have
no father, on his guardian, or if he have no guardian, on
his wife, or if he have no wife, on the person having
charge of him." A summons on the father to appear and
answer the suit, which was not a summons against the luna-
tic, was not such a summons that would bring the lunatic
before the court, or apprise the person on whom it was
served that any interest of the lunatic was involved.

2. Compensation—Statute—Quantum Meruit—Void Inquest—La-
bor of Lunatic—Where a lunatic was regularly committed to
the asylum, the statute regulates the measure of compensa-
tion to be allowed for his keeping, and no deduction can be
had for his labor at the asylum.   But if the inquest was
void by reason of the lunatic not being present at the inquest,
and a recovery is had on a quantum meruit, then his labor
at the asylum may be considered in determining what should
be paid the asylum for keeping him.

3. In an action against a lunatic, it will be presumed that he was
present at the inquest at which he was adjudged insane,
since the law requires his presence, and it is presumed that
the officer did his duty.

R. J. BABBITT for appellants.

J. H. POWER of counsel.

Porter, &c. v. Eastern Ky. Asylum for Insane.

## SUMMARY.

1. The judgment is void, the defendant not being before the court on account of defective service of process. (Code, sec. 53; Cheatham v. Whitman, 85 Ky., 618; Jenkins v. Crofton's Adm'r. 10 Ky. Law Rep., 456; Denham v. Anderson, 14 Ky. Law Rep., 366, 391; Youngstown Bridge Co. v. White's Adm'r, 20 Ky. Law Rep., 1175.)

2. There was no proof of service under a quantum meruit and judgment was erroneous. (Code, sec. 126; Nichols v. Central Asylum, 81 S. W., 247.)

3. It was error to adjudge a lien. All plaintiff could exact was personal judgment under the pleadings and proof.

4. Exception should have been sustained and sale set aside to do justice and right, the amended answer being a good plea. (Terry v. Swinford, 19 Ky., 712; Michaels v. Central Asylum; above.)

W. G. DEARING and PAUL HEFLIN attorneys for appellee.

We respectfully submit to the court that this case should not be reversed for three reasons:

1. The judgment is not void. (Sec. 518, sub-sec. 5, Civil Code; Allison v. Taylor & Washburn, 6 Dana, 87; Cheatham, &c. v. Whitman, 86 Ky., 614; Jenkins v. Crofton's Adm'r, 10 Ky. Law Rep., 456; Dunham v. Anderson, 14 Ky. Law Rep., 391; Yocum v. Foreman, 14 Bush, 502, and decisions cited by appellee in case of Spencer v. Parsons, 87 Ky., 577.)

2. The court should protect a purchaser at a judicial sale, especially so when he is no party to the suit. (Beckner v. Samuels, 6 Ky. Law Rep., 663; Harrison v. Hord, 12 B. M., 472; Bustard v. Gates and Wife, 4 Dana, 436; Buningfield v. Reed, 8 B. Mon., 104 and 105; Lusk & Gill v. Sätter, 2 Bush, 201; Yocum v. Foreman, 14 Bush, 497; Shuler v. Mayo, 5 Ky. Law Rep., 331; Stamp v. Martin, &c., 9 Bush, 285.)

3. This case should have been taken up on a bill of exceptions. (Polly's Adm'r v. City of Covington, 10 Ky. Law Rep., 361; Green v. Literal, 5 Ky. Law Rep., 429; Donan v. Donan's Adm'r, 12 Ky. Law Rep., 291; Johnson v. Hale, 13 Ky. Law Rep., 542.)

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

On November 9, 1899, Charles P. Porter was adjudged a lunatic in the Fleming county court and committed to the Eastern Kentucky Asylum for the

Insane. On February 20, 1903, this action was brought against him by the asylum. In the first paragraph of the petition a recovery was sought for keeping him at $150 a year under the statute, and it was charged that he owned an interest in a certain tract of land, which was prayed to be subjected to the debt. In the second paragraph it was sought to recover for his keeping upon a quantum meruit. A summons was issued upon the petition, which was executed upon Charles P. Porter and the superintendant of the asylum. It was also charged in the petition that his father, Rolly Porter, owned an interest in the land, and he was made a defendant to the action. A summons was served on the father; but it was only a summons for the father, Rolly Porter. The lunatic's name was not in the summons. The court entered judgment in favor of the asylum, and the first question made on the appeal is the sufficiency of the service on the lunatic.

Section 53 of the Civil Code of Practice provides: "If the defendant be of unsound mind the summons must be served on him and one of the following named persons, if residing in the county, viz: on his committee; or, if he have no committee, on his father; or, if he have no father on his guardian; or, if he have no guardian, on his wife; or, if he have no wife, on the person having charge of him." It will be observed that the statute requires that the summons must be served on the lunatic and on his committee, if he have one or, if he have no committee, on his father. The service is not authorized to be had on the person in charge of him, where the lunatic's father is living and resides in the county. This suit was brought in Fleming county. The lunatic's father was living and resided in the county, and by the terms

of the statute the summons must be served on him and on his father. It is insisted, however, for the appellee that the statute was complied with, as a summons was served on the father. In support of this view we are referred to Cheatham v. Whitman, 86 Ky., 614, 9 Ky. Law Rep., 761, 6 S. W., 595. In that case a summons was served on an infant and on his father, and the service was held sufficient, although the return on the summons did not show that it was served on the father as the father of the infant. Still it was a summons against the infant, and by the statute the summons against an infant may be served on the father. But in the case before us the summons which was served on the father was not a summons against the lunatic. The lunatic's name was not used in the summons. It was simply a summons on the father to appear and answer the suit. It was not a summons which, however it might be served. would bring the lunatic before the court or apprise the person on whom it was served that any interest of the lunatic was involved. The case, therefore, does not fall within the principle laid down in Cheatham v. Whitman. The proceeding against a lunatic is statutory, and to bring the lunatic before the court the statute must be followed; otherwise, great injustice might be done to this unfortunate class of persons.

As the lunatic was not before the court, the court erred in overruling the exceptions to the report of sale, and on the return of the case the court will set aside the judgment and the sale of the lunatic's land made under it. While the inquest is void if held without notice to the lunatic and without his presence at the trial, this fact is not shown by the inquest held here. The reasonable construction of the record is that the lunatic was in the custody of the

court. The law requires his presence at the inquest, and the presumption is that the officer did his duty. If he was not present at the inquest, this fact may be set up by plea. If the inquest was not void, and if the lunatic was regularly committed to the asylum, then the statute regulates the measure of compensation to be allowed for his keeping, and no deduction can be made for his labor at the asylum. But if the inquest was void, and a recovery is had on a quantum meruit, then his labor at the asylum may be considered in determining what should be paid the asylum for keeping him. The proof taken is not sufficient to warrant a recovery on a quantum meruit, as it does not show what would be a reasonable allowance for keeping him, or any facts from which this may be determined; but on the record as presented the plaintiff is entitled to recover under the statute the statutory allowance.

Judgment reversed, and cause remanded for further proceedings consistent herewith.