# Louisville Title Company v. Darnell's Committee, Etc.

(Decided June 21, 1912.)

## Appeal from Jefferson Circuit Court (Chancery, First Division).

1.  Insane Persons—County Court—Inquest—Failure of Record to Show Jurisdictional Facts.—An inquest held by a county court, when the circuit court was not in session in the county, adjudging one to be of unsound mind, is not void because the record of the proceedings fails to show that the circuit court was not in session in the county at the time the inquest was held.

2.  Jurisdiction—Record Silent—Evidence Aliunde of Jurisdictional Facts.—Where the record of a county court in inquest proceedings is silent as to jurisdictional facts, such facts may be shown by evidence aliunde.

3.  Counterclaim—Process—Insane Person.—Where a devisee under a will is a lunatic, and he and his committee and other devisees bring an action to sell certain real estate under subsection 2, section 490, of the Civil Code, and also to require the executrix to settle the estate, and subsequently, by amended petition, makes one holding a mortgage on the property a party defendant, and such defendant files an answer and counterclaim to the amended petition, setting up its mortgage lien, such pleading is a proper counterclaim against the plaintiffs, including the lunatic and his committee, and service of process thereon is not necessary to bring the lunatic and his committee before the court on such pleading.

E. L. McDONALD for appellant.

R. W. HUNN, ERNEST MACPHERSON, LESLIE W. MORRIS and GEORGE A. BRENT for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Relevsing.

William W. Darnell died a resident of Jefferson county, Kentucky, in the year 1909. By his will, which was duly probated in the Jefferson county court, he appointed his widow, Mary E. Darnell, executrix, and directed that his property be equally divided between his widow, his daughter, Eleanor W. Darnell, and his sons, John H. T., Randolph, and William H. Darnell. Mary E. Darnall qualified as executrix. William H. Darnell, one of the devisees under the will, was adjudged by the Franklin county court to be a person of unsound mind, and the Capital Trust Company was appointed and qualified as his committee.

On May 22, 1909, William W. Darnell and his wife, Mary E. Darnell, executed and delivered to the Louisville Title Company a mortgage on a certain lot of land situated on Haldeman avenue, near the city of Louisville, in Jefferson county, Kentucky. This mortgage was given to secure the payment of two notes of $500 each.

This action was brought by the Capital Trust Company, as committee of William H. Darnell, and by Randolph Darnell and John H. T. Darnell, against Mary E. Darnell, executrix, Eleanor W. Yancey, formerly Eleanor E. Darnell, wife of E. H. Yancey, and E. H. Yancey, for the purpose of selling the lot of land on Haldeman avenue, and another lot in Frankfort, Kentucky, 'upon the ground that both of said lots were jointly owned by and in possession of plaintiffs and defendants, and that neither could be divided without materially impairing the value thereof; and also for the purpose of having the case referred to the master commissioners to settle the accounts of the executrix. To this petition the Louisville Title Company was not made a party but it was charged in the petition that the property in question was free of liens so far as plaintiffs knew.

The executrix, Mary E. Darnell, filed an answer and cross-petition, setting up a cause of action under sections 428 and 489 of the Civil Code. After setting up certain other debts of the decedent, she alleged that the Louisville Title Company held a mortgage lien on the property on Haldeman avenue in the sum of $1,000, and asked that the Louisville Title Company be made a party defendant, and be required to answer and set up its claim. The only process that was issued on the answer and cross-petition of the executrix was against the Louisville Title Company, which thereafter filed a pleading setting up its mortgage lien, hereinbefore referred to. This pleading was denominated an answer and counterclaim to the petition, and a cross-petition against the defendant, Mary E. Darnell, the executrix, and Eleanor W. Yancey and her husband, E. H. Yancey. Upon this answer, counterclaim and cross-petition, no service of process was had. A few months later the Capital Trust Company, as committee of William H. Darnell, and the other plaintiffs filed an amended petition, wherein they alleged that they failed to state that the Louisville Title Company had a

mortgage lien on the property on Haldeman avenue, and asked that the Louisville Title Company be made a party defendant, and required to set up its claim. On October 7th, the Louisville Title Company entered its appearance to the amended petition. It was thereupon stipulated and agreed between plaintiffs and defendants, and ordered by the court, that the answer, counterclaims and cross-petitions of the Louisville Title Company be taken as and for its answer and counterclaim to the amended petition, with the same effect as if then filed. On November 11, 1911, plaintiffs filed a reply to certain portions of the answer and cross-petition of Mary E. Darnell, executrix. On the same day the case was submitted on the answer, counterclaim and cross-petition of the defendant, Louisville Title Company, and judgment rendered in its favor against Mary E. Darnell, as executrix of the estate of W. W. Darnell, for the sum of $1,000, with interest from November 22, 1910, until paid, and costs. To secure the payment of this sum, the Louisville Title Company was adjudged a lien on the property on Haldeman avenue. It was further adjudged that the property could not be divided without materially impairing its value, and the commissioner was directed to sell the same. The property was purchased by E. H. Yancey, who assigned his bid to A. G. Ronald, who thereafter filed exceptions to the report of sale. Before the exceptions were filed the executrix tendered to A. G. Ronald a deed.

The grounds of exception are as follows:

First. The judgment of the Franklin county court, adjudging W. H. Darnell of unsound mind, and the order appointed the Capital Trust Company committee of said W. H. Darnell, are void because the record of that court fails to show that the Franklin Circuit Court was not in session when the inquest was held.

Second. The order of sale is void as to W. H. Darnell, because no service of process was had on the Louisville Title Company's answer, counterclaim and cross-petition, upon which the property was sold.

Third. The deed tendered by the executrix did not cure the defects in the title, because the executrix was not given power under the will to sell the property.

On the hearing, the record of the inquest held on W. H. Darnell in the Franklin Circuit Court was filed. There was also filed an affidavit of the Clerk of the

Franklin Circuit Court, setting forth the terms of that court, and also stating that no regular or special term of that court, and no sessions in chambers were held during the month of November, 1910, when the inquest proceedings were held.

The chancellor held that as the record of the Franklin county court failed to show that no circuit court was in session in the county, the judgment on the inquest was void, and that the Capital Trust Company, therefore, had no authority to make W. H. Darnell a party plaintiff; and that being true, he was not reached by the Louisville Title Company's counterclaim. The court was also of the opinion that the deed tendered by the executrix was not sufficient to cure the defects in the title, inasmuch as the will did not confer upon her the power to sell. In conformity with the opinion of the chancellor, judgment was entered sustaining the exceptions to the report of the sale, and setting the sale aside. From that judgment the Louisville Title Company appeals.

Section 2156, Kentucky Statutes, provides:

"Inquests under this chapter shall, when a circuit court is in session in the county in which the inquest is held, be held only by such court. When no circuit court is in session in the county, such inquest may be held by a judge of a circuit court, or by the presiding judge of the county court; but in no case shall an inquest upon an idiot be held except in the circuit court."

Section 2157, Kentucky Statutes, provides:

"No inquest shall be held unless the person charged to be of unsound mind or an imbecile or incompetent to manage his estate is in the court and personally in the presence of the jury. The personal presence of the person charged shall not be dispensed with unless it shall appear by oath or affidavits of two regularly practicing physicians, that they have personally examined the individual charged to be of unsound mind or an imbecile or incompetent to manage his estate, and that they verily believe him to be an idiot on lunatic or incompetent to manage his estate, as the case may be, and that his condition is such that it would be unsafe to bring him into court."

From the foregoing it will be seen that the facts necessary to confer jurisdiction on the county court are: first, the circuit court shall not be in session in the county; second, the person charged to be of unsound

mind must be in court and personally in the presence
of the jury, or his personal presence must be dispensed
with by the necessary oaths or affidavits of two regular-
ly practicing physicians.

The principal question presented on this appeal is:
Is the judgment of the county court, adjudging one to
be of unsound mind, void merely because the record of
the proceedings fails to show affirmatively the facts nec-
essary to confer jurisdiction?

It is true that this court, in the case of Crown Real
Estate Company v. Rogers' Committee, etc., 132 Ky.,
790, said:

"This court will in no case approve an inquest held
in a county court, or its appointment of a commitee
for a lunatic, unless the record of the proceedings there-
in is sufficient to show jurisdiction of the court, and a
substantial compliance in other respects with the statu-
tory requirements."

In that case, however, the judgment on the inquest
was rendered by the Jefferson Circuit Court, a court of
general jurisdiction, and the language employed by the
court was not necessary to the determination of the
question actually involved. The same is true of the
cases of Goss' Exr. v. Ky. Refining Co., 137 Ky., 405,
and Paslick v. Shay, 148 Ky., 642. It is also true that
the court, in the case of Taylor v. Moore, 112 Ky., 330,
used the following language: "The rule is elementary
that in courts of limited or special jurisdiction the juris-
dictional facts must appear upon the record or the judg-
ment is a nullity;" but in that case the person upon
whom the inquest was held was not present in court,
nor was her absence dispensed with in the manner pro-
vided by the statute. For this reason, the court held
the judgment void.

In the case of Stewart v. Taylor, 111 Ky., 247, it
also affirmatively appeared that the person charged with
being a lunatic was not present in court, and that her
presence was not dispensed with in the manner required
by the statute.

In the only two cases, however, where the precise
question herein involved was decided by this court, the
court held that the failure of the record of the inquest
proceedings in the county court to show the jurisdic-
tional facts did not render the judgment void. Thus, in
the case of Porter, &c., v. Eastern Kentucky Asylum for

the Insane, 121 Ky., 816, where the asylum sought to recover for keeping a lunatic, and the lunatic defended on the ground that the inquest was void, the court said:

"While the inquest is void if held without notice to the lunatic and without his presence at the trial, this fact is not shown by the inquest held here. The reasonable construction of the record is that the lunatic was in the custody of the court. The law requires his presence at the inquest, and the presumption is that the officer did his duty. If he was not present at the inquest, this fact may be set up by plea."

And in the recent case of Eversole v. Eastern Kentucky Asylum for the Insane, 30 R. 989, the court said:

"Appellant further objects and excepts to the report of sale, because the petition in the circuit court does not disclose the fact that Isaiah Daugherty was in the presence of the jury in person, or by notice, when he was adjudged to be a lunatic in 1890, in the Harlan county court. This, we apprehend, is appellant's real objection to the confirmation of the sale. It is true this court in the case of Taylor v. Moore, 23 Ky. Law Rep., 1572, says: 'The rule is elementary that in courts of limited or special jurisdiction, the jurisdictional fact must appear upon the record or the judgment is a nullity.'

"And in support of this ruling, Newman's Pleading, page 49, is cited, and in the case of Stewart v. Taylor, 23 Ky. Law Rep., 557, this court said: 'That an inquest held without the presence of the person charged, and without notice to him, was void.'

"In each of these cases, however, this court was referring to the condition of the record in the county court, and in each case it was affirmatively shown that the record in the county court disclosed the fact that the person on trial on the insanity charge was not present in court, or his personal presence dispensed with by the affidavits required by statute.

"But this court, in the recent case of Porter v. Eastern Kentucky Asylum for the Insane, 28 Ky. Law Rep., 796, 90 S. W. Rep., 263, held that the presumption that the officers in the county court did their duty would prevail, and that it was the duty of one attacking the validity of the judgment to affirmatively plead and show that the lunatic was not present in court at the trial. The pleadings in the case before us allege

that Isaiah Dougherty was committed to the plaintiff institution from the county of Harlan, December 13, 1890, by order of the county court of Harlan county, which had jurisdiction of the party and the subject matter, and, in the absence of any allegation to the contrary, as said in the case of Porter v. Eastern Kentucky Asylum for the Insane, supra, the presumption is that the trial in the Harlan county court was in due form, and that the requirements of the statutes were fully complied with."

While it is true that the language employed in Crown Real Estate Co., v. Rogers' Committee, &c. supra, and in Taylor v. Moore, supra, is supported by the earlier cases on the subject, the tendency of the more recent cases is to relax the rule, and to conform to the views announced in Porter v. Eastern Kentucky Asylum for the Insane, and Eversole v. Eastern Kentucky Asylum for the Insane, supra.

Thus in Jolly v. Foltz, 34 Cal., 321, where the question was directly involved and decided, the Supreme Court of that state held that any fact essential to jurisdiction might be shown by evidence aliunde.

In Van Deusen v. Sweet, 51 N. Y. 381, objection was made to the record of an inquest of lunacy held by a county court, on the ground that the record did not show the jurisdictional fact of residence, etc. The court said:

"In answer to which it is sufficient and only necessary to say that the record is not required to show affirmatively, and on its face these facts. It is enough they they did exist and were properly shown to the court; and as it was not on the trial claimed in support of either the first or sixth objection that they were not established by proof, it is too late to raise the question on this appeal. If it had been raised at that time, the objection could have been obviated by competent testimony."

The same rule was anounced by this court in Singleton v. Cogar, 7 Dana, 479. In that case the validity of a judgment of a circuit court, in the exercise of a special and limited jurisdiction, ordering a guardian to sell real estate decended to infants, was involved. The record failed to show the jurisdictional fact that the real estate was acquired by descent, but this fact being shown, the court refused to hold the judgment void. In discussing the question, the court said:

"The difference is between that which the record affirms or imports, and that respecting which it is alto-

gether silent, between what appears, and that which does not appear in it. In such a case that concerning which such a record is silent may be supplied by extraneous proof; because such evidence could not be inconsistent with anything either expressed or implied by the higher grade of proof—the record.

"If, in this case, Cogar's title was acquired by descent, his guardian had, in fact, legal authority to sell the land, with the concurrence of the Circuit Judge; and that judge had, in fact, jurisdiction to authorize the sale and, therefore, the sale and conveyance to Singleton were, in fact not void. * * * * * *

"Therefore, it does not appear to us, that, as in a proceeding conformable with the statute in every other respect that the omission to show clearly that the title had descended to the ward, the guardian, under the sanction of the court, sold land which, in fact, had descended to his ward, and which, therefore, he had a right thus to sell, his sale should not now be deemed void. And it appears to us, also, that, as the whole proceeding was only a statutory mode of conveyance, the fact that nothing was sold but that which the Statute authorized the guardian and the court to sell, may be proved in support of the validity of the sale, when the proof of it will not in any degree, contradict the record, nor any judicial deduction from it."

While the county court is not authorized to hold an inquest unless the circuit court is not in session, and unless the person to be tried is present in the court, or his presence is dispensed with in the manner required by the statute, there is nothing in the statute that requires these jurisdictional facts to be shown by the record of the proceedings. That being true, we see no reason why proof aliunde may not be heard to sustain the judgment, where the record itself is silent as to such jurisdictional facts. Of course, if the record speaks, it cannot be impeached except in a direct proceeding based on fraud or mistake. If the record is silent, and the statute does not require it to speak, evidence aliunde to show a jurisdictional fact in no way impeaches the record.

The harshness of the rule holding a judgment on an inquest, rendered in a county court, void because the jurisdictional facts do not appear of record, is well illustrated in this case. It is admitted that the Franklin Circuit Court was not in session when the inquest was

held in the Franklin County Court. Notwithstanding this fact, we are asked to hold that a judgment of inquest is void merely because the record of the county court fails affirmatively to show that the Franklin Circuit Court was not in session. It seems to us that the better and safer rule is to follow the doctrine announced in Porter v. Eastern Kentucky Asylum for the Insane, supra, and hold the judgment affirmatively valid in the absence of a plea and proof that the circuit court was in session when the inquest was held. As it is admitted that the Franklin Circuit Court was not in session when the inquest proceedings were held, it follows that the judgment of the Franklin County Court, adjudging W. H. Darnell to be of unsound mind, and the order appointing the Capital Trust Company as his committee, are valid.

But it is insisted that the order of sale is void as to W. H. Darnell, a person of unsound mind, because no service of process was had upon the Louisville Title Company's answer, counterclaim and cross-petition. While it is true that the Louisville Title Company was not made a party defendant to the original petition, it was made a party defendant to the answer and cross-petition of Mary E. Darnell, executrix. Thereupon, it filed its answer, counterclaim and cross-petition, setting up its lien. Subsequently, plaintiffs, including the Capital Trust Company as committee of W. H. Darnell, filed an amended petition, wherein they alleged that they failed to state that the Louisville Title Company had a mortgage lien on the property on Haldeman avenue, and asked that that company be made a party defendant and required to set up its claim. Thereupon, the Louisville Title Company entered its appearance to the amended petition, and it was stipulated and agreed between plaintiffs and defendants and ordered by the court that the answer, counterclaim and cross-petition of the Louisville Title Company be taken as its answer and counterclaim to the amended petition, with the same effect as if then filed. As the mortgage lien of the Louisville Title Company was on the lot of ground located on Haldeman avenue, and plaintiffs themselves asked that it be sold, there can be no doubt that the pleadings setting up this lien is necessarily connected with the subject of the action embraced in the petition, and is there-

fore properly a counterclaim against the plaintiffs. Civil Code, Section 964.

Section 97, subsection 2, provides: "No summons is required upon a set-off or counterclaim against the plaintiff." This section applies to plaintiffs generally, and does not make any exceptions in the case of plaintiffs who are under disability. As the Louisville Title Company was made a party defendant by the amended petition, and entered its appearance thereto, and the court ordered that its answer and counterclaim be made a counterclaim to the amended petition, and as no process was required thereon against the plaintiffs, we conclude that the plaintiff and incompetent, William H. Darnell, was properly before the court on the answer and counterclaim, and that his interest in the property sold passed by the judgment.

It follows that the exceptions to the report of sale should have been overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.