## McAfee *vs* Commonwealth, by Brewer.

ERROR TO THE MERCER CIRCUIT.

*Inquisition of Lunacy.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

INQUISITION
OF LUNACY.     3bm305
               111 253

Case 83.

April 19.

The facts of the case.

On the 5th of April, 1841, Brewer, the son-in-law of McAfee, made affidavit, that he believed that Robert McAfee was of unsound mind, and would be found a lunatic by inquest, "and he further *believed* that it would be

difficult to get said McAfee into Court, so that an inqui-ry could take place as to the state of his mind, particu-larly if he *suspected* that that was the *object for which he was required to attend.*" Upon this affidavit, without *notice* to McAfee, or any effort to bring him into Court, on the 9th April an inquest was held, and McAfee found to be a lunatic, and that he had been so for thirty years, and that he had ample estate for his support, and an or-der was forthwith made, by which Brewer was appointed his committee, and his whole estate, amounting to near seven thousand dollars in value, was committed to his charge. McAfee has brought the case to this Court for revision.

The whole proceeding was manifestly irregular and erroneous.

The statute of 1840, (3 *Statute Law*, 268,) provides, "that all inquisitions of idiocy and lunacy shall be made in open Court, and the idiot or lunatic shall be *brought into Court*, for the inspection and examination of the jurors, unless it shall appear to the Court, by written affi-davits filed, that the idiot or lunatic, owing to *bad health or being incapable of control, cannot safely be brought* into Court."

It is obvious, from this provision of the statute, that the affidavit made did not authorize the *ex-parte* proceed-ings that were had. The statute requires that the *idiot or lunatic shall be brought* into Court, in all cases except in the two cases enumerated by the statute, namely, bad health or incapability of control. Neither of these excepted ca-ses has been made out by the affidavit, or is pretended. It merely shows, that in the *belief* of the *affiant*, that McAfee would not come *voluntarily* into Court, if he suspected the object of his required appearance. Moreo-ver, we think, that in cases where the idiot or lunatic is not brought into Court, that he has a right to ten days notice of the intended proceeding, as required by the statute of 1831, (2 *Statute Law*, 800,) and that the in-quest cannot be legally taken without such notice.

Judgment reversed, and cause remanded.

*Owsley & Goodloe* for plaintiff: *Harlan & Craddock,* for Brewer: *Cates*, Attorney General, for Commonwealth.