# COMMONWEALTH v. SARAH A. REEVES.

APPEAL BY JEMIMA MOSES FROM THE COURT OF COMMON PLEAS OF CHESTER COUNTY.

Argued February 10, 1891—Decided February 23, 1891.

(*a*) A return to a commission de lunatico inquirendo reported a finding that, although the respondent in the proceeding was not a lunatic, yet, by reason of age, ignorance, and feeble condition of mind and body, she was deemed unfit to manage her estate judiciously, and " does not enjoy lucid intervals: "

1. Such a return could not be sustained under the act of June 13, 1836, P. L. 592, nor would it warrant the appointment of a committee to take charge of the person and estate of the alleged lunatic. To divide the costs between the petitioner and the alleged lunatic, was, in this case, in the exercise of a proper discretion.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
WILLIAMS, JJ.

No. 5 January Term 1891, Sup. Ct.; court below, number
and term not given.

On January 27, 1890, Jemima Moses presented her petition,
supported by the usual affidavits, averring that she was the
daughter of Sarah Ann Reeves, who was, and for one year
past and upwards had been, so far deprived of her reason and
understanding that she was rendered altogether unfit and un-
able to govern herself or to manage her affairs, praying for a
commission in the nature of a writ de lunatico inquirendo, etc.

A commissioner having been appointed, and an inquisition
held, a return was made on March 24, 1890, the finding re-
ported being in part as follows:

" That, although they do not find the said Sarah Ann Reeves
a lunatic, in the general acceptation of that term, they, by rea-
son of her age, ignorance, and the feeble condition of her mind
and body, deem her unfit to manage her estate judiciously, and
to have been in that condition for a year last past, and would
recommend that the Honorable Court of Chester county ap-
point a proper person, as committee, to take charge of and ac-
count for the same; and further, that the said Sarah Ann
Reeves does not enjoy lucid intervals."

On the same day, on motion of counsel for the alleged luna-
tic, a rule was granted to show cause why the return should not
be set aside. After argument, the court, HEMPHILL, J., on
April 21, 1890, filed an opinion citing Commonwealth v. Has-
kell, 2 Brewst. 492, and Commonwealth v. Schneider, 59 Pa.
328, and entered an order making the rule absolute.

On April 26, 1890, on motion of the petitioner's counsel, a
rule was granted to show cause why the alleged lunatic should
not pay all the costs of the proceeding. After argument
thereof, the court, HEMPHILL, J., on July 14, 1890, filed an
opinion as follows:

In the absence of evidence to the contrary, the presumption
is, in a proceeding de lunatico inquirendo, that those who com-
mence and carry it on intend it for the benefit of the alleged
lunatic, and have probable ground for their action. In addi-
tion to this presumption, we have the return of the commission,

Opinion of the Court.

in the case in hand, which sets forth that by reason of age, ignorance, and feeble condition of mind and body, the alleged lunatic was deemed unfit to manage her estate judiciously, with a recommendation that the court appoint a committee. This return was set aside, because the commission failed to find the defendant a lunatic. It does, however, indicate there was some cause for believing her incapable of managing her estate. The petitioner, therefore, had some ground for her action, and we think it proper, under all the circumstances, to divide the costs between the petitioner and the alleged lunatic.

—An order having been entered accordingly, the petitioner for the commission took this appeal, specifying that the court erred:

1. In setting aside the return to the commission.

2. In directing that the costs be divided between the petitioner and the alleged lunatic.

*Mr. W. S. Harris*, for the appellant.

Counsel cited: 2 T. & H. Pr., § 2360; In re Mason, 1 Barb. 436; Ex parte Barnsley, 3 Atk. 168; Ridgeway v. Darwin, 8 Ves. 65; In re Barker, 2 Johns. Ch. 232; Commonwealth v. Schneider, 59 Pa. 328; Commonwealth v. Meredith, 14 W. N. 188; Commonwealth v. Haskell, 2 Brewst. 492; Miller v. Wentworth, 82 Pa. 285; In re Weaver, 116 Pa. 225.

*Mr. R. Jones Monaghan* and *Mr. J. Frank E. Hause*, for the appellee, were not heard.

In the brief filed, counsel cited: Shelford on Lun., *108; Commonwealth v. Schneider, 59 Pa. 330; In re Vanaken, 10 N. J. Eq. 195; In re Lindsey, 43 N. J. Eq. 9; Lindsley's Case, 44 N. J. Eq. 564; In re Gaul's Est., 7 W. N. 522; Hassenplug's App., 106 Pa. 527.

PER CURIAM:

The court below set aside the return to the commission because the inquisition did not find the alleged lunatic to be of unsound mind. This is what they did find: " That, although they do not find the said Sarah Ann Reeves a lunatic, in the general acceptation of that term, they, by reason of her age, ignorance, and the feeble condition of her mind and body,

deem her unfit to manage her estate judiciously, and to have been in that condition for a year last past, and would recommend that the Honorable Court of Chester county appoint a proper person, as committee, to take charge of and account for the same; and further, that the said Sarah Ann Reeves does not enjoy lucid intervals."

This return cannot be sustained under the act of assembly, nor would it warrant the court in making the order therein recommended. The court does not possess the power to appoint a committee merely because a person cannot manage his or her estate judiciously. There are very many sane persons who cannot do that. The return itself is inconsistent, if not insensible. It finds, if it finds anything, that she is not a lunatic, yet that she " does not enjoy lucid intervals."

Nor do we think the court erred in the disposition of the costs. They were divided between the petitioner and the alleged lunatic. We regard this as a proper exercise of discretion. In re Weaver, 116 Pa. 225, is not in point.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.