Stewart v. Taylor.

_____

111 247
e112 334

111    247
132    794

CASE 29—PROCEEDING FOR RE-EXAMINATION INTO THE CONDITION OF PLAINTIFF'S MIND—JUNE 7.

## Stewart v. Taylor.

APPEAL FROM BUTLER CIRCUIT COURT.

JUDGMET FINDING PLAINTIFF TO BE OF SOUND MIND AND REMOVING DEFENDANT AS HER COMMITTEE AND DEFENDANT APPEALS. AFFIRMED.

APPEAL FROM INFERIOR COURT—IRREGULARITY IN DISMISSING APPEAL—INSANE PERSON—VALIDITY OF INQUEST WITHOUT NOTICE.

Held: 1. Upon appeal to the circuit court from the judgment of a county court removing the committee of a person adjudged a lunatic, and restoring her estate to her, it was irregular to dismiss the appeal on the ground that the judgment appointing the committee was void; but as the committee, on the motion to dismiss the appeal, admitted the facts in regard to the

original proceeding, and thus, in effect, consented that the court might dismiss the appeal if it found that these facts rendered the judgment void, the case will be treated as if it had been disposed of on its merits.

2. While Kentucky Statutes, section 2157, relating to inquests upon persons charged to be of unsound mind, is silent as to notice, yet a judgment declaring a person to be of unsound mind, when she was not present in court, and had no notice of the proceeding, was void, though her personal presence had been dispensed with by the oath of two physicians, as provided by the statute.

EDWARD W. HINES AND W. A. HELM, ATTORNEYS FOR APPELLANT.

The proceeding was instituted by Nancy Taylor in the Butler county court for a "re-examination" to determine whether she is competent to manage her own estate and the jury returned the following verdict: "We, the jury, find Mrs. Nancy Taylor of sound mind and capable of dictating what shall be done with her estate, amounting to about $6,000, in notes, cash and mortgages and real estate. J. A. Howard, foreman."

Upon this verdict the court rendered a judgment that Nancy Taylor was of sound mind and capable of managing her estate and ordering her committee, Stewart, to forthwith settle his accounts with the county court and pay over to her the property shown to be due her, and renewing him as her committee, from which judgment Stewart prosecuted an appeal to the Butler circuit court, which rendered the following opinion:

"Came Nancy Taylor, plaintiff, and by attorney moved the court to dismiss the appeal herein, and it being conceded by counsel for defendant, Stewart, that in the proceedings instituted by him in the Butler county court, to inquire into the condition of mind of the said Nancy Taylor, neither the said Nancy was represented in person nor by attorney, except that McClain Taylor, a practising attorney, was appointed at the trial by the court to represent her, nor had she received any notice of said application, nor was there a written certificate or affidavit of two physicians as required by the statutes, but on the trial two regular practising physicians appeared and testified, showing that they had personally examined said Nancy Taylor, and that they believed her incompetent to manage her estate and of unsound mind, and that she was physically unable to be present at court and at said inquest, and the court being sufficiently advised, 'it is therefore adjudged by the court that the order of judgment of the county court, made in said proceeding, appointing the said Stewart committee for said Taylor, was, and

Stewart v. Taylor.

is, null and void, for which reason the said Stewart has no authority to take or prosecute the appeal now pending in this court from the judgment of the Butler county court in the last proceeding and inquisition held in said county court at the instance and application of the said Nancy Taylor, in which she was adjudged to be of sound mind and competent to manage and have control of her estate. It is therefore adjudged that the said motion of Nancy Taylor in this court be sustained and the said appeal be, and it is hereby, dismissed.'

" 'It is therefore adjudged that the said Nancy Taylor recover of the said Stewart her costs upon said appeal in this court expended.' The said Stewart excepts to the foregoing judgment and prays an appeal to the court of appeals, which is granted."

We contend that this judgment is erroneous.

Assuming the facts to be as conceded by counsel and that they could be considered upon a motion to dismiss still the court was not authorized to dismiss because the facts show that there was a literal compliance with the statute. Ky. Stats., sec. 2157; Lackey v. Lackey, 8 B. Mon., 107; Chavannes v. Priestly, 80 Iowa, 316; Ky. Stats., 2151 and 2160.

TAYLOR & BORAH AND GUFFY & WHALLEN AND B. L. GUFFY, FOR APPELLEES.

Upon the agreed facts, as stated in the judgment, Stewart's appeal was dismissed in the circuit court. This judgment should be affirmed because the first trial and inquisition procured by Stewart was not held as required by the statute. Appellee was not present in person, nor by attorney, neither was there certificates nor affidavits of two physicians showing that they had personally examined appellee, and that she was incompetent to manage her estate, or that she was unable to attend court. Therefore the judgment rendered was void.

## AUTHORITIES CITED.

4 Bax., ex parte, Dozier (Tenn.); Eddy v. People, 15 Ill., 386; Holman v. Holman, 80 Maine, 139; Coolidge v. Allen, 82 Me., 23; Chase v. Hathway, 14 Mass., 222; Hathway v. Clark, 5 Pick., 490; Conkey v. Kingman, 24 Pick., 115; Wait v. Maxwell, 5 Pick., 219; 16 Am. Dec., 391; Allis v. Morton, 4 Gray, 63; Smith v. Burlingame, 4 Mason, 121; Evans v. Johnson, vol. 25, L. R. A., 737; Martin v. Morningstar, 130 Ind., 555; McAfee v. Com., 3 B. Mon., 305; Mason v. Beasley, 10 Ky. Law Rep., 154; Castleman v. Castleman, 5 Dana, 59.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—AFFIRMING.

The appellant, Stewart, is a brother-in-law of the appellee, Nancy Taylor, a widow 80 years of age. In July, 1899, he appeared before the county judge of Butler county, and made complaint that she was of unsound mind, and incapable of managing her estate, which consisted of $4,-000 in cash and notes and $2,000 in lands. The county judge impaneled a jury to inquire into the condition of her mind and ability to manage her estate. A trial resulted in a verdict to the effect that she was of unsound mind, and incompetent to manage her estate. Thereupon the court appointed the appellant her committee, and ordered him to take charge of her estate. In October, 1899, this proceeding was instituted before the county judge of Butler county for a re-examination into the condition of the mind of the appellee. The question was submitted to a jury, and it found that she was of sound mind, and capable of managing her estate. The court accordingly entered a judgment removing the appellant as her committee, and restored the estate to her. From this judgment the appellant prosecuted an appeal to the circuit court. The appellee entered a motion to have it dismissed, and on that motion it was admitted she was not present at the trial of the proceeding instituted by appellant in the Butler county court to inquire into the condition of her mind; that she did not receive notice that an application had or would be made to have her adjudged of unsound mind; that she did not know that the proceeding was pending; that there was no written certificate or affidavit of two physicians that she was, by reason of her physical and mental condition, unable to be present in court. It was also admitted that on the trial of the inquisition, two regular practicing physicians appeared, and testified that they had examined

her, and believed that she was of unsound mind, and incompetent to manage her estate; that she was physically unable to be present in court at the inquest; that a regular practicing attorney was appointed to defend for her. Upon this state of facts being admitted, the court adjudged that the first proceeding was void, and therefore dismissed the appeal. While it might have been somewhat irregular to have disposed of the case in this way, still both parties seemed to desire the merits of the controversy should be disposed of upon the motion to dismiss, because the admissions were evidently made to avoid the necessity of taking testimony, and to bring before the court in a summary way the question involved, and have it disposed of. For the reason that both parties, in effect, consented to a disposition of it in the manner indicated, we will treat it as if the case had been properly disposed of upon its merits. If the parties desired to narrow the issue, and dispose of the case upon the admitted facts, neither of them can complain on this appeal as to the manner in which the issue was disposed of, except it be to question the correctness of the judgment of the court upon the issue submitted. Section 2157, Kentucky Statutes, reads as follows: "No inquest shall be held unless the person charged to be of unsound mind, or an imbecile, or incompetent to manage his estate, is in court, and personally in the presence of the jury. The personal presence of the person charged shall not be dispensed with unless it shall appear, by the oath or affidavit of two regular practicing physicians, that they have personally examined the individual charged to be of unsound mind, or an imbecile, or incompetent to manage his estate, and that they verily believe him to be an idiot or lunatic, or incompetent to manage his estate, as the case may be, and that his condition is such that it would be unsafe to bring

him into court." From the facts admitted, it appears that the appellant went before the county court, and had her adjudged of unsound mind, without giving her any notice of the intended application, or that such a proceeding had been instituted. She was not present in court, but her presence was not dispensed with in the manner required by the statute. It is to the effect that the presence of the defendant in the writ shall not be dispensed with unless it shall appear by the oath or affidavit of two regular practicing physicians that they have examined him, and found him incompetent to manage his estate, and that his condition is such that it would be unsafe to bring him into court. Waiving the question as to whether the oath referred to must be in writing, subscribed and sworn to by the two practicing physicians, we will now come to the question as to whether the court had jurisdiction to adjudge her to be of unsound mind, and incompetent to take care of her estate, when she was neither present at the trial nor had notice of the proceeding. The effect of the proceeding was not only to deprive her of the control and management of her property, but to place her person in charge of another. It was a serious matter for her to be adjudged of unsound mind, and to be deprived of her estate and the control of her person. The statute is silent on the question of notice. If the person who is sought to be adjudged of unsound mind is present in court, and is made aware of the proceeding, then, it seems to us, his presence would waive the necessity of notice. If one affected by such a proceeding is in court, and has notice of its purpose, he would have an opportunity to make defense; but, where he is not present, it is our opinion that he is entitled to notice of the pendency of the proceeding, that a reasonable opportunity may be afforded him to defend it; otherwise, unscrupulous per-

sons might go into court, and have one who is perfectly sane adjudged of unsound mind, and for a time take his property from his control. It would certainly be danger-ous practice to allow a proceeding to be prosecuted to a final determination without the presence of the party to be affected, or without notice to such one of the pendency of the proceeding. The mere fact that one may be believed to be a lunatic will not waive the necessity of notice, because that is the very question to be tried. He is entitled to the presumption of sanity until he has been adjudged other-wise on the inquest. To say that one is insane, and there-fore need not be notified of the proceeding, is to decide the very question to be, and before it is, tried. Although the statute is silent upon the subject of notice, we can not believe that the Legislature ever intended that one should be declared a lunatic, and have his property and person put in charge of another, without either being present in court, with an opportunity to defend the proceeding, or without having due notice thereof, and thus have an op-portunity to appear and defend. Even if the Legislature had so intended, a judgment rendered in the proceeding would not be valid unless the defendant in the writ had been notified by process of the court of its pendency, or was present at the trial, with an opportunity to defend. To adjudge him to be of unsound mind without notice, or his personal presence at the trial, would be to deprive him of important and valuable rights without being heard. This seems to have been the opinion of this court in McAfee v. Com., 3 B. Mon., 305.

To show the views that courts in other States have of the question here involved, we refer to some of their opinions. The Tennessee Statute seems to be silent on the subject of notice, like our statute; but the supreme court of that

State, in *Ex parte* Dozier, 4 Baxt., 81, said: "It was never intended by the Legislature that so important a proceeding as that of declaring a party a lunatic, and taking charge of his person and of his estate, should be consummated without personal notice." In Chase v. Hathaway, 14 Mass., 222, it was held that the silence of the statute as to notice to an alleged lunatic does not make valid an adjudication of lunacy without such notice. The statute of West Virginia does not seem to require notice to an alleged lunatic of proceedings to have him adjudged of unsound mind, but the court, in Evans v. Johnson, 19 S. E., 623 (23 L. R. A., 737), said: "It lies at the foundation of justice in all legal proceedings that the person to be affected have notice of such proceedings. As such an appointment takes from the person the possession and control of his property, and even his freedom of person, and commits his property, his person, his liberty, to another, stamps him with the stigma of insanity, and degrades him in public estimation, no more important order touching a man can be made, short of conviction of infamous crime. Will it be said, in answer to this, that he is insane, and that notice to an insane man will do him no good? The response is that his insanity is the very question to be tried, and he the only party interested in the issue. Often, if given notice he will be prompt to attend, and in his person be the unanswerable witness of his sanity; often, if not given notice, those interested in using or robbing him of the property will effectuate a corrupt plan. Almost as well might we convict a man of crime without notice." The Indiana supreme court, in Martin v. Motsinger, 130 Ind., 555 (30 N. E., 523), said: "But, while this is true, and while there may be a valid inquest and judgment in such cases without notice when the party is present, it is otherwise when

he is not present, and is not represented by some one authorized to appear for him. While the statute does not in terms provide for notice, the proceedings are of such a character that they can not be *ex parte* and be valid. If the statute was to be construed as authorizing proceedings of an *ex parte* character, it would be, to that extent, in conflict with the Constitution of the United States, and void." Many other cases to the same effect could be cited. Our opinion is that the court properly decided that the judgment rendered in the proceeding instituted by the appellant was void. The judgment is affirmed.