## Taylor v. Moore, &c.

APPEAL FROM FLEMING CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

INCOMPETENT PERSONS—INQUEST—INSUFFICIENCY OF VERDICT—VOID
JUDGMENT—WANT OF NOTICE.

Held: 1. Kentucky Statutes, sections 2149, 2162, conferring on circuit and county courts jurisdiction over the persons and estates of "those whose minds, on account of any infirmity or weight of age, have become so imbecile or unsound" as to be incompetent, and providing for an inquest on persons of "unsound mind," apply only to persons of unsound mind, and jur-

Taylor v. Moore, &c.

isdiction of the circuit and county courts to assume the care and custody of the estate of persons incompetent to manage their estates is limited to those whose incompetency is due to mental unsoundness or imbecility; and therefore the verdict of a jury that a woman charged to be of unsound mind "is, by reason of great age and physical infirmity, unable to control and manage her estate and care for same," is void.

2. In courts of limited or special jurisdiction the jurisdictional facts must appear upon the record, or the judgment is a nullity.

3. An inquest without the presence of the person charged to be of unsound mind, and without notice to him, is void.

PUMPHREY, CASSIDY & GRANNIS, ATTORNEYS FOR APPELLLEE.

O. R. BRIGHT AND JOHN P. McCARTNEY, ATTORNEYS FOR APPELLEE.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE HOBSON— REVERSING.

On October 10, 1900, appellee, Amelia Moore, filed before the county judge of Fleming county her affidavit stating that her mother, appellant, Sabina Taylor, "is of unsound mind, by reason of her age and infirmity, and is incapable of managing her estate." Thereupon the county attorney filed an information asking that an inquest be held. O. R. Bright, an attorney, was appointed to defend for appellant, and a jury was sworn, who returned the following verdict: "We, of the jury, find from the evidence that Sabina Taylor is, by reason of great age and physical infirmity, unable to control and manage her estate and care for same; that she was born in and resides in Fleming county, and is eighty-two years of age; that she owns fifty-six acres of land, worth about $1,120.00, and said Sabina Taylor is not capable of laboring, in whole or in part, for her support." On this verdict the county judge entered a judgment reciting the above proceedings and verdict, and then adding these words: "Wherefore, it is adjudged by the court that said Sabina M. Taylor is, by reason of great age and physical infirmity, unable to manage her estate, and that a committee be appointed to take charge of her and her estate."

So far as appears, no process was served on appellant. She was not present at the trial, and had no notice of the proceedings. Appellee, Amelia Moore, was appointed committee for her. On November 30, 1900, appellant filed in the Fleming circuit court her petition in equity against appellees, Amelia Moore and George Moore, her husband, in which she alleged that she owned the property referred to in the verdict; that the defendants were in the wrongful and illegal possession of her property under and by virtue of the appointment of appellee, Amelia Moore, as committee in the county court proceeding; that this proceeding was void and cast a cloud upon her title. She **prayed** that she be restored to the possession of her property, that the whole proceeding be canceled as illegal, and for her costs. The court sustained a special demurrer to the petition on the ground that the plaintiff had no legal capacity to sue.

By section 2149 the several circuit and county courts have power and jurisdiction, within their respective counties, of the care and custody of the persons and estates of "those whose minds, on account of any infirmity or weight of age, have become so imbecile or unsound as to render them incompetent to manage their estates." By section 2162, "if any person is of unsound mind," it is the duty of the county attorney, in the absence of the attorney for the Commonwealth, to cause an inquest to be held, and some member of the bar must be appointed to represent "the person alleged to be of unsound mind." In Menifee v. Ends, 97 Ky., 388, 17 R., 280 (20 S. W., 881), this court held that the provisions of these sections apply only to persons of unsound mind, and jurisdiction to assume the care and custody of the estates of persons incompetent to manage their own estates is limited, under the statute, to those whose

incompetency is due to mental unsoundness or imbecility; and in that case the verdict was held void because it did not show the cause of the incompetency rendering the person charged incapable to manage her estate. The verdict before us is assailed on the same ground. It is insisted for appellees that, although the verdict does not show the mind of appellant had become "so imbecile or unsound as to render her incompetent to manage her estate," its phraseology is taken from section 2155, which directs the oath to be administered to the jury in such form as to ascertain by their verdict whether such person "by reason of any infirmity or weight of age is incompetent to manage his estate," and that the same idea is conveyed in section 2156, which empowers the judge who presides at such inquest to make all orders for the care of the person found to be "of unsound mind or imbecile or incompetent to manage his estate." While there is force in this position, we do not think it can be maintained. The purpose of the statute was to provide for persons whose minds are impaired. It was not intended to authorize the appointment of committees for sick or old persons who were, from physical weakness, unable to care for their estates, but of good mental capacity. For all that appears from the verdict or judgment in this case, the person charged may have been weak in body, but unimpaired in mind. Such a verdict is, in our judgment, liable to all the objections pointed out in Menifee v. Ends. This conclusion is sustained by the following authorities: *Ex parte* Barnsley, 3 Atk., 172; Sherwood v. Sanderson, 19 Ves., 285; In re Lindsley, 43 N. J. Eq., 9, 10 Atl., 549; Com. v. Reeves, 140 Pa., 258; 21 Atl., 315; In re Morgan, 7 Paige, 236; Armstrong v. Short, 8 N. C., 11. The rule is elementary that in courts of limited or special jurisdiction the jurisdictional facts must appear upon the record, or the judgment is a nullity. Newm. Pl.,

49, and cases cited. In Stewart v. Taylor (111 Ky., 247), (23 R., 577), 63 S. W., 783, it was held by this court that an inquest without the presence of the person charged, and without notice to him, was void. No steps were taken to obtain the presence of appellant at the trial. The provisions of section 2157, Kentucky Statutes, were not complied with. To hold her bound by such a proceeding would be to deny her the presumption of sanity, or the right to be heard on a question involving not only all her property, but the control of her person. The proceeding was void, and the demurrer to the petition should have been overruled.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.