CASE 84—ACTION BY THE FIDELITY TRUST COMPANY AS
       COMMITTEE OF BELLE B. ROGERS, A LUNATIC,
       AGAINST BELLE B. ROGERS, AND ANOTHER, FOR
       THE SALE OF REAL ESTATE.—March 16, 1909.

# Crown Real Est. Co. v. Rogers' Com., &c.

Appeal from Jefferson Circuit Court; (Chancery Branch, Second Division.)

SAMUEL B. KIRBY, Judge.

From the judgment overruling exceptions to the report of sale, the purchaser appeals—Affirmed.

1. Judgment—Collateral Attack—Courts of Limited Jurisdiction—
Presumptions as to Jurisdiction.—Judgments of courts of limited jurisdiction exercising special powers are void on collateral attack, unless the facts necessary to confer jurisdiction appears of record.

2. Insane Persons—Appointment of Guardian—Presumptions—Collateral Attack—Courts of Limited Jurisdiction.—Since the county court is one of limited jurisdiction possessing only statutory powers, the record of the proceedings for the appointment of a committee for a lunatic must show the facts essential to jurisdiction, and a substantial compliance with the statute or the judgment is open to collateral attack.

3. Judgment—Collateral Attack—Courts of General Jurisdiction.—
On a collateral attack from a judgment rendered by a court of record of general jurisdiction in the exercise of its ordinary jurisdiction over the subject-matter in litigation, it will be presumed that the court acted correctly and with due authority, and its judgment is as valid as though every fact necessary

to jurisdiction affirmatively appeared of record, and, in the absence of any showing on the subject, it will be presumed in support of the judgment that a statutory affidavit was filed.

4. Insane Persons—Appointment of Guardian—Presumptions—Collateral Attack—Courts of General Jurisdiction.—Where the record of the circuit court appointing a committee for a lunatic showed that prior to the inquest process was served on the lunatic and on a physician in whose charge she then was, and that the presence of the lunatic was dispensed with on the sworn statement of two physicians that it would be injurious to bring her into court, it would be presumed, in support of the judgment as against collateral attack, that the physicians testified as required by St. 1909, section 2157 (Rsusell's St. section 4248), that they had previously examined her and believed her to be of unsound mind, rendering the judgment valid.

JOHNSON & HIEATT, for appellant.

MORTON V. JOYES, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

This action was instituted in the court below by the appellee, Fidelity Trust Company, as committee of Belle B. Rogers, a lunatic, against Belle B. Rogers and her son, Preston Rogers, to procure the sale of certain real estate in the city of Louisville, in which Belle B. Rogers owned the life estate and Preston Rogers the remainder. The sale was asked under section 491, Civ. Code Prac., for the purpose of reinvesting the proceeds in other property; it being alleged and proved that such sale and reinvestment would be beneficial to all the parties in interest. The parties were all properly before the court, and a guardian ad litem appointed to defend for the lunatic. The sale was adjudged by the court, and the real

estate thereafter duly advertised and sold by the commissioner as directed by the judgment. The appellant, Crown Real Estate Company, became the purchaser of the property at the price of $9,100, but doubting the sufficiency of the title filed exceptions to the report of sale. The court, however, overruled the exceptions, and from the judgment manifesting that ruling the purchaser has appealed.

Only one of the several exceptions filed to the report of sale is now relied on. It attacks the validity of the inquest held May 21, 1908, in the criminal division of the Jefferson circuit court, whereby Belle B. Rogers, by verdict of a jury and judgment of the court was found and adjudged to be a person of unsound mind, and the appellee, Fidelity Trust Company, appointed committee and given charge of her estate. If the proceedings by which these results were reached were illegal and the judgment void, it necessarily follows that the Fidelity Trust Company was without authority to maintain this action, and the court below without jurisdiction to order a sale of the lunatic's property. It appears from the record before us that notice of the time and place of holding the inquest was duly served upon Mrs. Rogers, but that she was not personally present in court when it was held. The order of the court dispensing with her presence reads as follows: "Came the commonwealth and filed a notice, duly served on the defendant, and on the sworn statement of Dr. E. R. Palmer and Dr. M. H. Yeaman, that it would be injurious to bring the defendant into court, ordered that the personal presence of the defendant be dispensed with." Section 2157, Ky. St. (Russell's St. section 4248), provides: "No inquest shall be held

unless the person charged to be of unsound mind, or an imbecile, or incompetent to manage his estate is in court, and personally in the presence of the jury. The personal presence of the person charged shall not be dispensed with unless it shall appear, by oath or affidavits of two regular practicing physicians, that they have personally examined the individual charged to be of unsound mind, or an imbecile or incompetent to manage his estate and that they verily believe him to be an idiot or lunatic, or incompetent to manage his estate, as the case may be, and that his condition is such that it would be unsafe to bring him into court."

It will be observed that the order of the court merely declares that Drs. Palmer and Yeaman made sworn statements that it would be injurious to bring the defendant into court. It is contended by counsel for appellant that the sworn statement falls far short of the requirements of the statute; indeed, that it imperfectly complies with but one of its three requirements, and that this court has declared the statute mandatory. In support of this contention the cases of Tipton v. Tipton's Committee, 97 S. W. 413, 30 Ky. Law Rep. 80, and Kelly v. Gardner, 76 S. W. 531, 25 Ky. Law Rep. 924, are relied on. In each of these cases the presence at the inquest of the person charged with unsoundness of mind was dispensed with, the order of the court showing that fact in the first case being based upon the joint affidavit of two physicians, and in the second case upon the sworn statements of two physicians; but in neither case did the order show that the physicians had previously examined or verily believed the defendant to be of unsound mind. This court in each case held that the

inquest was invalid, and the appointment thereunder
of a committee for the defendant void. It appears,
however, from the opinion in each of the cases men-
tioned, that the proceeding was instituted and inquest
held in the county court and the committee appointed
by that court, and that the inquest and judgment were
directly attacked in an action brought by the defend-
ant in the circuit court. The same is true of the case
of Taylor v. Moore, 112 Ky. 330, 65 S. W. 612, and
that of Stewart v. Taylor, 111 Ky. 247, 63 S. W. 783,
in which the inquests were held and committees ap-
pointed in the county court; but in neither of which
was there notice given of the inquest, or the presence
of the defendant legally dispensed with. The county
court, though a court of record, is one of limited juris-
diction. Its powers being defined and fixed by stat-
ute, it can exercise no jurisdiction as to persons or
property beyond what is expressly conferred by
statute, and is even forbidden by the statute to hold
an inquest of lunacy when the circuit court of the
county is in session. Therefore its records must mani-
fest the facts upon which its right to exercise juris-
diction depends. Mr. Freeman, in his excellent work
on Judgments (volume 1, section 123), in discussing
the jurisdiction of courts of special powers, says:
"The decided preponderance of adjudged cases upon
the subject establishes the rule that judgments aris-
ing from the exercise of this jurisdiction are to be
regarded in no other light, and supported by no other
presumptions, than judgments pronounced in courts
not of record. The particular state of facts neces-
sary to confer jurisdiction will not be presumed; and
if such facts do not appear, the judgment will be
treated as void." So, for the reason so well stated

by the learned author mentioned, this court will in no case approve an inquest held in the county court, or its appointment of a committee for the lunatic, unless the record of the proceedings therein is such as to show jurisdiction on the part of the court and a substantial compliance in other respects with the statutory requirements.

A different rule, however, obtains as to the judgment of a court of general or complete jurisdiction, such as a circuit court, and this rule is also well stated in Freeman on Judgments, vol. 1, section 124: "If it is ascertained that the judgment or decree under examination was rendered by a court of record in the exercise of its ordinary jurisdiction over the subject-matter in litigation, the next fact to be determined is whether the court had jurisdiction over the person against whom the judgment has been obtained. The preponderance of authority shows that in a collateral proceeding this fact must be determined by an inspection of the matters contained in what, at the time of entering the judgment, constituted the record or judgment roll. Any other paper which happens to be on file in the case and improperly attached to the record must be disregarded. The record, however, may be silent upon the subject of jurisdiction. It may fail to show whether the proceedings taken to bring the defendant within the authority of the court were sufficient or insufficient; or, for aught that appears by the judgment roll, no attempt may have been made to perform some act essential to jurisdiction. Nothing shall be intended to be out of the jurisdiction of a superior court but that which expressly appears to be so. Hence, though the existence of any jurisdictional fact may not be affirmed upon

the record, it will be presumed upon a collateral attack that the court, if of general jurisdiction, acted correctly and with due authority, and its judgment will be as valid as though every fact necessary to jurisdiction affirmatively appeared. The decisions to this effect are very numerous. If a statute required a certain affidavit to be filed or a certain fact to be found prior to the rendition of judgment, it will be presumed, in the absence of any statement or showing upon the subject, that such affidavit was filed or such fact found."

The Jefferson circuit court is a court of general jurisdiction, and its criminal division undoubtedly had jurisdiction to determine the question whether Belle B. Rogers was or not a person of unsound mind, and likewise to appoint a committee to take charge of her estate in the event she was found to be of unsound mind. The inquest by which that fact was determined was held in that court and by a jury under the direction of the court; the verdict being in the statutory form and to the effect that she was of unsound mind and a lunatic. The court by its judgment approved the finding and appointed the Fidelity Trust Company to take charge of her estate, and the latter did so after duly qualifying. These facts were all shown in the instant case in which the real estate of the lunatic and her son was adjudged to be sold, and they also appear in the record thereof before us. The record also shows that prior to the inquest process was duly served upon the lunatic and upon Dr. Yeaman in whose sanitarium and charge she then was. In addition, the record, as presented in the court below and appearing in this court, contained the order copied in the opinion showing why and upon

what proof the presence of the lunatic at the inquest was dispensed with. If the two physicians upon whose testimony the personal attendance of Mrs. Rogers at the inquest was excused had furnished it by affidavit, and the affidavit had failed in any essential particular to comply with the requirements of section 2157, Ky. St., it might have given appellant some ground for insisting that the record affirmatively showed such an absence of jurisdictional facts as would invalidate the inquest; but there was no affidavit from the physicians filed. Instead, the testimony furnished by them as to the necessity for the non-attendance of the lunatic was presented in the form of statements under oath, which was permitted by the statute. Whether, in addition to stating that the condition of the lunatic was such as to make it unsafe or injurious to her to have her personally attend the inquest, they also testified, as the statute required, that they had previously examined her and verily believed her to be of unsound mind, we cannot tell, as the order of the court dispensing with her presence is silent on the subject; but as the record shows they were at the inquest, and that upon their sworn statements the presence of the lunatic was dispensed with, we must presume, as they were sworn as witnesses upon the inquest, they were requested to testify before the court and the jury as to all the facts in their possession with respect to the condition of mind of the lunatic, including such as were required by section 2157 of the statute, supra. At any rate as it does not affirmatively appear from the record that they did not testify, we must presume that they did; the court being of general jurisdiction and knowing the

necessity for eliciting all the facts essential to the validity of the inquest.

As upon the record before us neither the inquest nor the order appointing a committee for the lunatic can be pronounced void, and cannot be collaterally attacked or set aside, as here attempted, we need not pass upon the question of whether either should be declared void in a direct proceeding by the lunatic.

Being of opinion that appellant will acquire a good title to the real estate in question by virtue of its purchase thereof at the commissioner's sale, and the deed to be made by the commissioner, it follows that the circuit court did not err in overruling the exceptions to the report of sale.

Wherefore the judgment is affirmed.