CASE 33.—ACTION BY ROSE SMITH AGAINST MARGARET RUEHL.—November 9, 1909.

## Smith v. Ruehl

Appeal from Campbell Circuit Court.

Judgment for defendant, plaintiff appeals.—Reversed. :

1. Insane Persons—Insane Husband—Lands—Sale by Wife—Proceedings.—Ky. St. Sec. 2131, provides that when a husband has become permanently deranged the wife may be empowered by decree to convey by her own deed any of her real estate freed as to it and its proceeds from any claim of her husband, providing that the husband shall have been adjudged a lunatic by a court of competent jurisdiction. Held, that where a wife, whose husband has been duly declared insane, filed an ex parte petition in the circuit court stating the facts and with it an authenticated copy of the record showing the lunacy adjudication and prayed for a decree authorizing the sale of her land free from any claim of her husband, and a guardian ad litem was appointed, a decree granting the relief prayed without any evidence other than the record of the inquest, and without having before the court any person representing the husband, was not objectionable for failure to make the husband's committee or guardian, if any, a party defendant.

2. Insane Persons—Adjudication of Insanity—Conclusiveness. A judgment of the circuit court adjudging a husband a luna-

tic was conclusive in a subsequent proceeding by the wife to obtain a decree authorizing a sale of her land free from any interest of the husband as provided by Ky. St. Sec. 2431.

FRANK V. BENTON and HENRY A. FABER for appellant.

WILLIAM U. WARREN for appellee

No briefs.  Record misplaced.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In a suit by the appellant to enforce specifically a contract for the sale of real estate purchased from her by the appellee, the appellee defended upon the ground that the appellant could not make a good title.  The lower court sustained her defense, and the appellant has brought the case here.

The appellant's immediate vendor obtained the land from a Mrs. Puff, and the only question in the case is whether or not Mrs. Puff conveyed a good title.  In 1906 Henry Puff, the husband of Mrs. Puff, was adjudged by the circuit court of Campbell county, in a proceeding instituted for that purpose, to be a person of unsound mind and a lunatic, and he was ordered to be and was confined in one of the state institutions for the insane.  Afterwards his wife filed her *ex parte* petition in the Campbell circuit court, in which she set out that she was the owner of certain described land, and that her husband, who had been adjudged a lunatic, was incurable and confined in the state asylum for the insane, and she prayed for a decree that she have the right to dispose of any real estate that she then owned or might thereafter acquire, free from any claim of her husband.  Although neither the husband, nor any person, was made a party to the pe-

tition, a summons was issued against him and execut-
ed as provided in section 53 of the Code upon the
superintendent of the asylum in which he was con-
fined.  Thereafter a guardian *ad litem* was appointed
and when his report was filed the court, without
hearing any evidence, except the record of the in-
quest, or having before it any person representing
the husband, entered a judgment decreeing that "the
petitioner, Kate Puff, may by her own deed sell and
convey any of her real estate freed as to it and its
proceeds from any claim of her husband."

It is insisted that this proceeding was void, upon
the ground that it was necessary under the statute
that the husband, and his committee or guardian,
if he had one, should be made a party defendant to
the action, and a summons executed upon either the
committee, father or guardian.   Secton 2131 of the
Kentucky Statutes, under which the proceeding by
Mrs. Puff was instituted, reads as follows: "When
the husband abandons the wife and lives separate
and apart from her, or abandons her without mak-
ing sufficient provision for her maintenance, or when
he is confined  in the penitentiary for an unexpired
term of more than one year, or when he becomes
permanently  deranged  in his mind, the  wife,  by
judgment of a court of equity, may be empowered
to sell and convey by her own deed any of her real
estate freed as  to it and its proceeds from any claim
of her husband; provided, that in case of insanity he
shall have been adjudged a lunatic by a court of com-
petent jurisdiction."   Under this statute it is not,
in our opinion, necessary that the wife shall do
more, in a case like the one before us, than file her
*ex parte* petition in the circuit court, stating the facts,
and with it file an authenticated copy of the record

showing that the husband has been adjudged a luna-
tic by a court of competent jurisdiction.  The man-
ner in which a husband may be divested of his inter-
est in the estate of his wife is entirely within the
control of the legislative department of the  state,
and it seems that the Legislature only deemed it nec-
essary that the wife should bring to the notice of the
chancellor by her petition the disability under which
her husband was laboring, and that then the court
might make such orders as were necessary to grant
the relief desired without service of process upon
any person or the appointment of a guardian *ad
litem*.  It would probably have been  better if the
Legislature had prescribed more definitely the prac-
tice or method of procedure, or have directed that the
committee or guardian or some person interested in
the person and estate of the person of unsound mind
should be brought before the court to represent his
interests; but it did not see proper to do this, and
we do not feel authorized to supply by judicial in-
terpretation a system of practice and procedure that
the legislative department did not deem it necessary
to incorporate in the statute.

We are confirmed in the correctness of our con-
struction of the statute by the fact that sec. 2145 in
the same chapter in the statute, directing how the
inchoate right of dower of an insane married woman
may be divested upon the petition of her husband,
provides that: "The wife and her committee, if she
have one, shall be made defendants to said action;
if she have no committee, the court shall appoint an
attorney to defend for her,  *  *  *  and if the court
be satisfied by the proof that the wife is a confirmed
lunatic, it may adjudge the sale and conveyance of
her inchoate right of dower in said land; and if she

has a committee, the court may direct that he unite with the husband in the deed conveying said land; or if she has no committee, the court shall appoint a commissioner, who shall unite with the husband in such conveyance. A deed so executed shall pass such wife's inchoate right of dower. Before any judgment pursuant to this section shall be rendered, the husband, with at least two good sureties, shall execute, before the court, a covenant to the commonwealth for the benefit of the wife, to be approved by the court, that she shall be paid the value of her right of dower in said land should such right thereafter become complete." It will thus be seen that, in providing for the sale of land in which an insane wife has an inchoate right of dower, particular care is taken to protect her interest, and if the Legislature had intended that the same or a similar practice should be followed in a proceeding to divest the husband of his interest it would have so declared. Why the Legislature did not see proper to guard as carefully the interest of the husband as that of the wife, we are unable to say; but that it did not is manifest from the sections of the statute quoted.

This view of the case renders it unnecessary to consider the regularity of the process served upon the husband. Mrs. Puff filed with her petition copies of the records of the Campbell circuit court showing that her husband was in that court adjudged to be a lunatic. The judgment of that court and the orders appearing are conclusive in this action of the question that the proceedings in the Campbell circuit court by which the husband was adjudged a lunatic were regular. Crown Real Estate Co. v. Rogers (Ky.) 117 S. W. 275.

Wherefore the judgment of the lower court is reversed for proceedings in conformity with this opinion.