## Coffield et al. v. Salem Bank et al.

May 23, 1944.

**636**

Raymond B. Dycus for appellants.

Charles Ferguson for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Reversing.

The appellant, R. R. Coffield, seventy-eight years of age, and the appellant, Maltie Coffield, are husband and wife. He had been married twice before and had several children by a former marriage. She had a daughter by a former marriage. They were married about fourteen years prior to the filing of this action. The appellee, Mrs. Gus Champion, a daughter of Mr. Coffield, had been keeping $1800 of his money for him and turned the money over to him shortly after his last marriage.

After his marriage the appellants resided in the village of Hampton in a small home owned by Mr. Coffield. He also owned a small farm. The $1800 was kept in the home but, apparently, a part thereof was used to defray living expenses. Within eighteen months prior to the filing of the action the small farm and some personal property were sold by Mr. Coffield, netting him approximately $900.

On September 18, 1942, there remained from the $2700 something over $1100. On that day $1100 was deposited in the Salem Bank in Mr. Coffield's name, with the oral agreement that it was to be withdrawn only on checks signed by Mr. Coffield and countersigned either by the appellee, Gus Champion, or his wife, a daughter of Mr. Coffield. The evidence is conflicting as to whether Gus Champion induced the old gentleman to make the deposit or whether he solicited Gus Champion to make arrangements for it. In any event, the cashier of the Salem Bank came to the Coffield home and the deposit was made.

Shortly thereafter Mr. and Mrs. Coffield appeared at the bank and demanded the money. It was Mr. Coffield's claim that Gus Champion had talked him into

making the deposit and that he did not realize what he was doing. The bank refused to permit the money to be withdrawn because of the agreement that the checks must be countersigned by Mr. or Mrs. Champion.

On the following day, October 15, 1942, Mr. and Mrs. Coffield filed this action against the bank seeking judgment for the amount of the deposit. In the petition it was alleged that Mr. Coffield was the owner of $100 of the deposit and that the balance belonged to Mrs. Coffield.

Immediately after the filing of the action a petition was filed in the circuit court by Gus Champion and R. L. Crawford, another son-in-law of Mr. Coffield, to have the latter adjudged a person of unsound mind and incompetent to manage his estate. A trial was had, the county judge presiding, and the jury returned a verdict finding Mr. Coffield "incompetent to manage his estate by reason of physical infirmities." Upon this verdict judgment was entered "that said R. R. Coffield is incompetent to manage his estate and that a committee be appointed." For some reason no committee was appointed.

The bank admitted the deposit but pleaded the oral agreement as to the countersigning of checks and offered to pay the money into court, reciting its willingness to pay as might be directed. Mr. and Mrs. Champion filed an intervening petition, pleading the oral agreement as to the countersigning of checks by them. They also pleaded the adjudication of incompetency in bar of right of either Mr. or Mrs. Coffield to proceed with the action.

Mr. Coffield testified that $100 of the money was his and that the balance belonged to his wife. His testimony indicates confusion of mind and thought. Mrs. Coffield testified that her husband gave her the money ten years ago and introduced several witnesses, including her daughter and son-in-law, to substantiate her claim. A number of witnesses, including Dr. F. C. Coffield, a brother of appellant Coffield, testified that the latter was mentally incompetent to realize the extent and value of his estate or to manage it. There was no contradiction of this testimony. There was other evidence tending strongly to rebut the evidence as to the gift of the money to Mrs. Coffield. It was also shown that shortly after the filing of the action Mr. Coffield conveyed his home to his wife.

The chancellor adjudged that the deposit was the property of Mr. Coffield and that Mrs. Coffield owned no part of it. He further adjudged that the deposit remain in the bank to be withdrawn for necessary living expenses of the appellants, or checks signed by Mr. Coffield and countersigned by Mr. or Mrs. Champion in accord with the agreement made at the time of deposit.

It is first contended on this appeal that the agreement by which the money was to be withdrawn only on countersigned checks was without consideration and therefore unenforceable. With this we readily agree. However, the bank had no knowledge of the lack of consideration and, in the capacity of stake holder, correctly refused to permit withdrawal of the money in violation of its agreement until ordered to do so by the court.

It is next contended that the verdict finding Mr. Coffield incompetent to manage his estate by reason of physical infirmities was insufficient to authorize a judgment of incompetency or the appointment of a committee, and consequently, that the judgment declaring him to be incompetent and directing the appointment of a committee was void.

There is no doubt as to the insufficiency of the verdict of incompetency to support the judgment rendered thereon. To warrant the appointment of a committee there must be a finding by the jury that incompetency is due to mental unsoundness—incompetency due to physical infirmities is not sufficient. Downing v. Siddens, 247 Ky. 311, 57 S. W. 2d 1.

It does not follow, however, that the judgment of incompetency was void. It was only erroneous, since the court which rendered it had jurisdiction of Mr. Coffield's person and jurisdiction to render that character of judgment. A judgment is distinct from the verdict and, though it departs from the verdict pursuant to which it purports to be rendered, it is only erroneous and not void. This erroneous judgment, adjudging that Mr. Coffield was incompetent, was never appealed from or set aside and, consequently, was conclusive that he had no legal capacity to maintain the action. The chancellor should have so adjudged and was without authority to proceed with the action and render judgment on the merits, although he correctly denied a recovery of the money.

Clearly, the judgment ordering the money to remain on deposit subject to countersigned checks cannot be sustained. The chancellor could only have proceeded with the trial on the assumption that Mr. Coffield had legal capacity to sue and the right to maintain the action. If such had been the case, then he also had the right to revoke the deposit agreement, which was without consideration and not binding on him.

As far as Mr. Coffield was concerned, the action should merely have been abated because of his want of legal capacity to maintain the action. And, since he was under judgment of incompetency, Mrs. Coffield had no right to join with him as plaintiff and assert her claim to the money on deposit. In the circumstances, she could assert her claim only in an action filed against her husband. The chancellor should have refrained from rendering judgment on the merits and should have abated the action.

Judgment reversed with directions to render judgment in conformity with this opinion.