Orie S. Ware and William O. Ware, Covington, for appellants.

Helm Woodward, Cincinnati, Ohio, Blakely, Moore & Blakely, Covington, for appellees.

---

**VITALI et al. v. NOLLOTH et al.**

Court of Appeals of Kentucky.

May 28, 1954.

CULLEN, Commissioner.

The appellees, Catherine and Robert W. Nolloth, brought an action for specific performance of a contract by which the appellants, A. Vitali and wife, had agreed to purchase a certain tract of land from the Nolloths. The Vitalis defended on the ground that the Nolloths did not have a marketable fee simple title. The court found that the Nolloths had good title, and decreed specific performance. On this appeal by the Vitalis, a question is raised as to only one transaction in the chain of title of the Nolloths.

The Nolloths purchased the land in 1951 from one Catherine Garaghty, who had acquired the land in 1948 by a commissioner's deed in proceedings brought by the committee of Jennie P. Hornaday and Georgia Hornaday, under Section 489 of the Civil Code (now KRS 389.010), for a sale of the land. The committee had been appointed by the circuit court of Kenton County in 1943, pursuant to the judgment in a sanity inquest held in that court.

The parties agree that the controlling question is whether, by reason of the form

of the verdict and judgment in the sanity inquest, the judgment in the inquest was void and the appointment of the committee therefore was void also. There is some contention that the sale proceedings brought by the committee in 1948 were effective to pass good title to Catherine Garaghty, as a bona fide purchaser who was not a party to the proceedings, regardless of any invalidity of the inquest judgment, because the two alleged incompetents were served with process in the 1948 proceedings and were represented by a guardian ad litem. However, we find it unnecessary to pass on that question.

Under KRS 387.220, a committee cannot be appointed for an alleged incompetent unless he has been found, by judgment of the circuit or county court upon the inquest of a jury, to be a person of *unsound mind*. KRS 387.010 places several categories of persons within the definition of a "person of unsound mind", but in every category the element of *mental* incompetence is a requisite.

The verdict in the Hornaday inquest of 1943 was as follows:

"We, the jury, find, while we do not consider Mrs. Hornaday and Georgia Hornaday insane, we do feel that they are not capable of looking after their affairs and ask the court to appoint a committee to take charge of their estate; * * *."

The judgment on the inquest was:

"Therefore: It is considered, ordered and adjudged that the defendants, Jennie P. Hornaday and Georgia Hornaday and each of them is incompetent to manage her estate, * * *"

It will be noticed that neither the verdict nor the judgment expressly finds the Hornadays to be of *unsound mind*.

In Coffield v. Salem Bank, 297 Ky. 635, 180 S.W.2d 855, 856, a jury upon an inquest in the circuit court had returned a verdict that one R. R. Coffield was "'incompetent to manage his estate by reason of physical infirmities'". The judgment upon the inquest was "'that said R. R. Coffield is incompetent to manage his estate and that a committee be appointed'". Subsequently, R. R. Coffield attempted to bring an action against a bank, in his own name, and the defense was made that Coffield had no legal capacity to sue. In upholding that defense this Court said, 180 S.W.2d 856:

"There is no doubt as to the insufficiency of the verdict of incompetency to support the judgment rendered thereon. To warrant the appointment of a committee there must be a finding by the jury that incompetency is due to mental unsoundness—incompetency due to physical infirmities is not sufficient. Downing v. Siddens, 247 Ky. 311, 57 S.W.2d 1.

"It does not follow, however, that the judgment of incompetency was void. It was only erroneous, since the court which rendered it had jurisdiction of Mr. Coffield's person and jurisdiction to render that character of judgment. A judgment is distinct from the verdict and, though it departs from the verdict pursuant to which it purports to be rendered, it is only erroneous and not void. * * *"

Prior to the Coffield case, in Higdon v. Commonwealth, 257 Ky. 69, 77 S.W.2d 400, the inquest verdict was:

"'We, the jury, find that J. B. Higdon incompetent to manage his estate * * *'"

and the judgment was:

"'Wherefore it is adjudged by the court that said J. B. Higdon is incompetent to manage his estate * * *'"

Subsequently, on motion, the court corrected the judgment so as to state that "'the mind of the defendant J. B. Higdon has on account of infirmity and weight of age become so unsound as to render him incompetent to manage his estate'". This Court held that the verdict and judgment could be read in the light of the instructions given by the court to the jury, and since the instructions authorized a finding of in-

competency only for unsoundness of mind, the first judgment was not void, but merely erroneous. It was further held that the failure of the court to enter a correct judgment was a mere clerical misprison, which could be corrected at any time.

 We think the Coffield and Higdon cases are applicable here, and that the judgment in the Hornaday inquest was at the most erroneous, and not void. While the Higdon case placed some reliance on the instructions and we do not have in this record the instructions given to the jury in the Hornaday inquest, we can presume that the court instructed the jury properly, in view of the fact that this proceeding is a collateral attack upon the inquest judgment. Dean v. Brown, 261 Ky. 593, 88 S.W.2d 298.

It appears that the appellants' doubt as to the validity of the judgment in the Hornaday inquest arises from some language in Taylor v. Moore, 112 Ky. 330, 65 S.W. 612, and in Downing v. Siddens, 247 Ky. 311, 57 S.W.2d 1. In the Taylor case the inquest had been held in the *county court,* and importance was attached to the rule that "in courts of limited or special jurisdiction the jurisdictional facts must appear upon the record". [112 Ky. 330, 65 S.W. 613]. Also, in the Taylor case, the alleged incompetent had not been served with process for the inquest. In the Downing case, the basis for holding the inquest judgment void was that there had been no jury impanelled, although there was some dicta to the effect that the verdict must find specifically that the incompetency is due to mental unsoundness in order to give the court *jurisdiction* to appoint a committee.

Although the Taylor and Downing cases may be distinguishable, we deem it advisable to say that to the extent they conflict with the Coffield case they are overruled.

It is our opinion that the judgment in the Hornaday inquest was not void; the appointment of the committee pursuant to that judgment was not void; and the committee had authority to institute the sale

proceedings in 1948 through which the appellees' predecessor in title acquired ownership of the land. Accordingly, the appellees, have a good title. The judgment is affirmed.